170 So.2d 59 (1964)
GORDON INTERNATIONAL ADVERTISING, INC., a Florida corporation, Appellant,
v.
CHARLOTTE COUNTY LAND & TITLE CO., a Florida corporation, Green Manor Construction Co., Inc., a Connecticut corporation, and Lansing Development Corporation, a Michigan corporation, Appellees.
No. 64-259.
District Court of Appeal of Florida. Third District.
December 22, 1964.
Rehearing Denied January 12, 1965.
Ephraim Collins, Miami Beach, and Samuel Sheradsky, Miami, for appellant.
*60 Julius I. Friedman, Miami, for appellees.
Before BARKDULL, C.J., and HORTON and HENDRY, JJ.
HENDRY, Judge.
Appellant-plaintiff instituted this action against three corporate defendants, Charlotte County Land & Title Co., Green Manor Construction Co. and Lansing Development Corp., seeking to recover on an account stated for advertising services performed for the defendants.
The action was stayed as to the defendant, Charlotte County Land & Title Co., due to its involvement in bankruptcy proceedings. The suit against the other two defendants proceeded to trial, and at the end of the plaintiff's case the court directed a verdict for these two defendants.
The plaintiff appeals claiming error was committed by the trial court in directing the defendants' verdict.
It is apparent from the record that the trial judge directed his verdict on the theory that appellees were not directly responsible for the payment of this debt because the Charlotte County Land & Title Co. was the corporation that contracted the debt and Green Manor Construction Co. and Lansing Development acted as sureties, in that, they were collaterally responsible and only bound in the event the primary debtor failed to pay.
In view of the fact that these were collateral promises to answer for the debt of another, the Statute of Frauds required that they be in writing.[1] The court directed a verdict on the uncontested fact that the collateral promises in this case were oral. The court erred in permitting the defendants to raise the affimative defense of the Statute of Frauds because they did not plead this defense in their answer to the complaint.[2] The failure to plead an affirmative defense, waives the defendants' right to raise it as a defense to the action.[3] However, the result reached by the trial court was correct, even though his reason for reaching this correct result was erroneous, and we will affirm his ruling.[4] This result obtains because the plaintiff's evidence failed to show the authority of the person with whom appellant dealt.
The record reveals that all of the plaintiff's transactions, in regard to this debt, were carried on with a Mr. Rubin, an employee of Charlotte County Land & Title Co. The directed verdict must be affirmed because the appellant failed to establish by what authority Mr. Rubin bound the appellees, in the face of the specific denial of Mr. Rubin's authority, in the answer. It is evident that he had authority to act for the Charlotte County Land & Title Co., but nowhere does it appear that he had authority to act for the other corporate defendants.[5] The trial court, therefore, correctly directed a verdict for the defendants
The appellant has also raised as error several items of cost awarded to the defendant. Inasmuch as we affirm the defendants' directed verdict, they are entitled to costs, but we can not agree with one of the items the lower court allowed.
Appellant initially contends that the trial court erred in allowing $211.06 as the cost of producing a witness for the purpose of taking his deposition. Appellant further asserts that it was error to allow $188.00 as a witness expense for Mr. Ellis, the principal *61 corporate officer of the defendant-Green Manor Construction Co. and $246.45 for reporting the deposition of Harry Gordon, President of the appellant corporation.
Costs, as a compensatory monetary award to the winning party, is a judicial attempt to make the winning party as whole as he was prior to the litigation.[6] The theory being that the prevailing party should not lose anything, at least financially, by virtue of having established the righteousness of his claim.[7] It is similarly axiomatic that the litigants are under a duty to keep the cost of the litigation at a reasonable figure,[8] and the determination of reasonableness is left to the discretion of the trial court.[9]
In regard to the allowance of expenses for a witness' deposition and the deposition of the plaintiff's president, the appellant has failed to demonstrate in what manner the trial court abused his discretion. Failing this demonstration, the trial court's allowance of expenses will not be disturbed.[10]
The trial court erred, however, in charging to appellant the expense of the principal officer of Green Manor Construction Co. appearing from out of state. The general rule, with which we agree, is that a corporate officer, who appears, voluntarily or otherwise, for the purpose of representing the corporate party, may not charge his expenses to the losing side.[11] The reason for the rule being that, inasmuch as, a party may not recover witness fees, then the corporate officer whose duty it is to represent that corporation may similarly be barred from recovering witness fees. It appears from the appellee's brief that the corporate officer, Ellis, attended the trial for just such purpose, and his expenses may not be charged to appellant.
Accordingly, the judgment appealed is affirmed except that portion of the cost judgment which awarded defendant-Green Manor Construction Co. $188.00 for the expense of Mr. Ellis attending the trial, which is reversed.
Affirmed in part, reversed in part.
NOTES
[1] § 725.01 Fla. Stat., F.S.A.
[2] Rule 1.8(d) F.R.C.P., 30 F.S.A.
[3] Fink v. Powsner, Fla.App. 1958, 108 So.2d 324.
[4] American Mortgage & Safe Deposit Co. v. Rubin, Fla.App. 1964, 168 So.2d 777 (opinion filed November 3, 1964); Berkman v. Miami National Bank, Fla.App. 1962, 143 So.2d 535.
[5] Lee v. Melvin, Fla. 1949, 40 So.2d 837, and cases cited therein; Perper v. Sonnabend, 221 F.2d 142 (5th Cir.1955).
[6] 8 Fla.Jur. Costs, § 4 et seq.
[7] id.
[8] Loftin v. Anderson, Fla. 1953, 66 So.2d 470.
[9] Emigh v. Tinter, Fla.App. 1959, 108 So.2d 913; Wilson v. Rooney, Fla.App. 1958, 101 So.2d 892.
[10] id.
[11] Modick v. Carvel Stores of N.Y., Inc., 209 F. Supp. 361 (S.D.N.Y. 1962); Annotation, 57 A.L.R.2d 1243 (1958).