323 So.2d 610 (1975)
LAKE REGION PARADISE ISLAND, INC., a Florida Corporation, Petitioner,
v.
Harold GRAVISS, Respondent.
Nos. 75-486, 75-499.
District Court of Appeal of Florida, Second District.
December 19, 1975.
*611 David A. Maney and Stanley Lane of Gordon & Maney, Tampa, and J. Hal Connor, Jr., of Summerlin & Conner, Winter Haven, for petitioner.
Mel R. Martinez and Kenneth R. Cate, of Billings, Frederick, Wooten & Honeywell, Orlando, for respondent.
McNULTY, Chief Judge.
We consider this day a petition for common law certiorari to review a non-appealable order[1] awarding costs after a declaration of mistrial. We grant the writ.
Plaintiff-respondent Graviss filed suit against petitioner Lake Region on a contract of employment. After the issues had been joined and at the end of the second day of trial the judge continued the trial until the following morning and directed the bailiff to remove the jury. One of the lady jurors tripped on a step as she went out the door. As the bailiff was trying to get her up Mr. Paul, one of the officers of petitioner Lake Region, heard the commotion and helped the lady bailiff pick up the injured juror Mr. Paul asked the injured juror if she wanted him to bring her car to her. Another lady juror went with Mr. Paul to show him where the car was parked. The bailiff waited with the injured juror until Mr. Paul returned with the car, helped her get into the car and left the scene. This occurrence was reported to the trial judge, who characterized it as "a very honest unavoidable thing" and a situation where Mr. Paul was "just at the wrong place at the right time."
Notwithstanding the objection of Graviss, the trial court, on his own motion, declared a mistrial. Graviss filed a motion to tax costs to which Lake Region objected. Upon hearing, the court entered an order taxing costs against Lake Region in the amount of $2,869.76, holding that Graviss was entitled to recover costs notwithstanding the fact that no misconduct on the part of Lake Region or its agents was responsible for the mistrial.
*612 Costs are taxable only pursuant to statute or rule; and under the facts here, wherein no punitive sanctions are appropriate, we are unaware of any statute or rule which is applicable. We think, therefore, that the trial court was without authority to enter the cost award under review.
Section 57.021, F.S. 1973, provides as follows:
"Costs; taxing.  The clerk or the judge shall tax the costs accruing in each action when it is determined and shall keep a duplicate of the costs bill on file among the original papers in the action. Each item of costs shall be enumerated in the bill." (Italics ours.)
We construe this statute to mean that allowable costs of an action are taxable only upon the determination or end of the action. That, of course, would be at or following final judgment.[2]
With respect to any rules relating to costs prior to final judgment, absent those punitive in nature, we find none applicable to the facts here. In any case, the necessarily incurred additional costs resulting from the mistrial are certainly amenable to taxation as may be appropriate pursuant to § 57.021, supra, when the action is ultimately "determined."
The trial court being without authority or power to enter the order under review,[3] and thus having departed from the essential requirements of law, certiorari is appropriate. Accordingly, our writ therefor should, and it does hereby, issue quashing that order.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] Cf. Gore v. Hansen (Fla. 1952), 59 So.2d 538.
[2] Cf. Robert v. Askew (Fla. 1972), 260 So.2d 492.
[3] See 20 Am.Jur.2d Costs § 17 (1965) at p. 16.