343 So.2d 678 (1977)
SEARS, ROEBUCK & COMPANY, Petitioner,
v.
Marguerite A. RICHARDSON, Respondent.
No. DD-288.
District Court of Appeal of Florida, First District.
March 18, 1977.
*679 S. Thompson Tygart, Jr., of Tygart & Tygart, Jacksonville, for petitioner.
Hal S. Castillo, of Blalock, Holbrook, Lewis, Paul & Isaac, Jacksonville, for respondent.
DREW, E. HARRIS, (Retired) Associate Judge.
During the progress of the trial of this cause, the court entered an order declaring a mistrial because of the improper conduct of the plaintiff in attempting to discuss the testimony of a witness with one of the members of the jury. After the entry of the order declaring the mistrial, the defendant moved the court for an order taxing costs against plaintiff occasioned by her misconduct and moved that she be adjudged in contempt. Both motions were denied. We are asked to review such orders.
The statute governing the assessment of costs[1] provides "The clerk or the judge shall tax the costs accruing in each action when it is determined ... ." (Emphasis added). It is well established that costs are not awarded except where authorized by statute or agreement of the parties and that such costs are taxable only pursuant to statute or rule.[2] In the light of the plain language of the statute, the trial court correctly denied the motion to tax costs at that stage of the trial. We find no merit to Petitioner's contention concerning the denial of the motion to hold the plaintiff in contempt.
The trial court retains full jurisdiction and authority under the statute to determine all questions of costs when the litigation has been finally determined. In the taxation of costs after final determination of the cause, he may take into consideration events arising out of both the proceedings prior to the declaration of a mistrial and those which occur thereafter. In the event of a judgment favoring the plaintiff, we see no reason why, if the trial court should so determine, the amount of costs occurring because of the conduct of the plaintiff, causing the mistrial, should not be *680 deducted from the amount awarded in said judgment.[3]
Certiorari Denied.
McCORD, Acting C.J., and MASON, ERNEST E., (Retired) Associate Judge, concur.
NOTES
[1] § 57.021, Fla. Stat. (1975).
[2] American Service Mutual Insurance Co. v. Wilson, 323 So.2d 645 (Fla. 4th DCA 1975), and Lake Region Paradise Island, Inc. v. Graviss, 323 So.2d 610 (Fla.2d DCA 1975).
[3] Chatlos v. City of Hallandale, 220 So.2d 353 (Fla. 1968), concerning procedures for reviewing cost judgments.