352 So.2d 571 (1977)
POLK COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
James R. DEATON et al., Appellees.
No. 77-1099.
District Court of Appeal of Florida, Second District.
November 30, 1977.
*572 Carolyn K. Fulmer, Bartow, for appellant.
Michael D. Martin, Lakeland, for appellees.
PER CURIAM.
On this appeal, Polk County argues that the trial court erred in awarding attorney's fees to the appellees in this case. We agree and reverse on that point.
James R. Deaton and others filed a complaint alleging that a storm water detention pond which Polk County had built constituted a nuisance. They asked the court to award damages and abate the nuisance by ordering its removal. After several hearings, the court entered final judgment in which it denied damages, and allowed the pond to remain with modifications. The judgment also awarded $3000 in attorney's fees to appellees.
An award for attorney's fees is only proper where authorized by contract, where authorized by legislative enactment, or where awarded for services performed in creating or bringing into court a fund or other property. Kittel v. Kittel, 210 So.2d 1 (Fla. 1968). We cannot find nor have appellees demonstrated that any of these circumstances apply to the present case.
Moreover, we reject appellees' contention that Department of Citrus v. Griffin, 332 So.2d 54 (Fla.2d DCA 1976), controls here. It is true that in this case, as in Griffin, there was successful litigation which benefited a great number of people. However, unlike the case sub judice, Griffin contained the element of a fund from which the Court could award attorney's fees. No such fund is available in this case.
In view of this, we vacate that part of the final judgment which awards attorney's fees and affirm the judgment in all other respects.
HOBSON, Acting C.J., and OTT and DANAHY, JJ., concur.