402 So.2d 1365 (1981)
Evelyn MILLER and Howard Miller, Appellants,
v.
COLONIAL BAKING COMPANY OF ALABAMA and American Motorists Insurance Company, Appellees.
No. XX-459.
District Court of Appeal of Florida, First District.
September 4, 1981.
*1366 Glen R. Peterson, Panama City, for appellants.
James B. Fensom of Barron, Redding, Boggs, Hughes & Fite, Panama City, for appellees.
THOMPSON, Judge.
This is an appeal from an Order awarding attorney's fees and costs to the appellees. We reverse.
A jury was selected to try a personal injury action brought by the appellants ("the plaintiffs") against the appellees ("the defendants"). The trial began and later a recess was taken for lunch. After this recess, the defendants' counsel moved for a mistrial on the basis that two of the secretaries from his office had just seen the plaintiffs' attorney, and the plaintiffs' expert witness, having lunch with two female jurors. The court asked the plaintiffs' attorney to respond, and he did so by acknowledging that he and his expert witness did have lunch with two jurors, due to crowded restaurant conditions. However, he said that they did not discuss the case at all. The trial court then properly granted the motion for mistrial, in view of the improper and unethical conduct of the plaintiffs' attorney.
Before a new trial began, the defendants' counsel filed a motion to assess costs and attorney's fees against the plaintiffs and/or their attorney, based on the preceding facts. *1367 A hearing was held and the motion was granted insofar as costs and attorney's fees were to be borne only by the plaintiffs' attorney.
Generally, "[i]t is well established that costs are not awarded except where authorized by statute or agreement of the parties and that such costs are taxable only pursuant to statute or rule." Sears, Roebuck & Co. v. Richardson, 343 So.2d 678, 679 (Fla. 1st DCA 1977). In the present case, we can find no statutory authority for the award of costs. Additionally, the taxation of costs provided for in § 57.021, Fla. Stat. (1979), may not take place after a mistrial. See Richardson, 343 So.2d at 679-80. Instead, costs may be taxed only after the final determination of a cause. Id.; Brinker v. Ludlow, 379 So.2d 999, 1001-02 (Fla.3d DCA 1980).
As for attorney's fees, "[i]t is an elemental principle of law in this State that attorney's fees may be awarded ... only under three circumstances, viz: (1) where authorized by contract; (2) where authorized by a constitutional legislative enactment; and (3) where awarded for services performed by an attorney in creating or bringing into the court a fund or other property." Kittel v. Kittel, 210 So.2d 1, 3 (Fla. 1968).[*] Circumstances (1) and (3) are obviously not present, and we can find no statutory authority for the award of attorney's fees herein.
Although the court might have been authorized, through appropriate proceedings, to impose a fine or sanctions against the plaintiffs' attorney for indirect contempt of court, it was not authorized to assess costs and attorney's fees against him for his actions which resulted in the mistrial. We are therefore compelled to reverse the trial court's Order, without prejudice to the institution of contempt proceedings and without prejudice to the defendants to move, at the conclusion of this case, to assess against the plaintiffs those costs occasioned by the mistrial. See Richardson, 343 So.2d at 679-80.
REVERSED.
ROBERT P. SMITH, Jr., C.J., and JOANOS, J., concur.
NOTES
[*] Of course, there are "exceptions" to the rule stated in Kittel. However, none of those "exceptions" are present. See Sheridan v. Greenberg, 391 So.2d 234, 235, 237-38 (Fla.3d DCA 1980) (generally discussing the recovery of attorney's fees as an element of damages in various cases and circumstances). In this same respect, see Glusman v. Lieberman, 285 So.2d 29, 31-32 (Fla. 4th DCA 1973). Additionally, attorney's fees may be taxed as costs if so authorized by contract or statute. See Codomo v. Emanuel, 91 So.2d 653, 655 (Fla. 1956). See also Allen v. Estate of Dutton, 384 So.2d 171, 174 (Fla. 5th DCA 1980), rev. den. 392 So.2d 1373 (Fla. 1980). Lastly, attorney's fees may be allowed where a partner is forced to bring suit for dissolution of the partnership and an accounting, A.J. Richey Corp. v. Garvey, 132 Fla. 874, 182 So. 216, 219 (1938), or where a trustee defends a trust. Smith v. Massachusetts Mut. Life Ins. Co., 116 Fla. 390, 156 So. 498, 509 (1934). Again, none of these "exceptions" are present.