418 So.2d 246 (1982)
THE FLORIDA BAR, Complainant,
v.
Glen R. PETERSON, Respondent.
No. 60426.
Supreme Court of Florida.
July 29, 1982.
Stanley A. Spring, Staff Counsel, Laura E. Keene, Bar Counsel, Tallahassee, and Franklin R. Harrison, Panama City, for complainant.
Glen R. Peterson, pro se.
PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar, report of the referee, petition for review filed by the Bar, and request for review by respondent, Glen R. Peterson.
The facts underlying the Bar's complaint against Peterson are that, during the luncheon *247 recess of a case in which Peterson was representing the plaintiffs, he and one of his expert witnesses went to a delicatessen and allowed themselves to be seated at a table then occupied by two jurors serving in the case which he was trying. He acknowledged at the hearing before the referee that he knew that the women seated at the table were jurors. While seated with these jurors, he was observed by two secretaries working in the office of the law firm representing defendant in the case being tried. These secretaries reported what they had seen to the defendant's attorney. After the lunch recess, defendant's counsel moved for mistrial on the basis that Peterson had communicated with the jurors during recess. The trial court granted this motion. Peterson apologized to the court for the incident causing the mistrial which occurred and entered into a stipulation that he would pay the county the jurors' fees including mileage for the two days the jurors served.
Before commencement of a new trial, defendant's counsel moved to assess defendant's costs and attorney's fees against Peterson or his clients. The trial court granted this motion but held that these charges were to be borne only by Peterson. On appeal, however, the First District reversed and held that the trial court was not authorized to assess defendant's costs and attorney's fees against Peterson. Miller v. Colonial Baking Co. of Alabama, 402 So.2d 1365 (Fla. 1st DCA 1981).
The referee in the present proceeding found that Peterson did communicate with the two jurors in violation of the proscription of Florida Bar Code of Professional Responsibility, Disciplinary Rule 7-108(B)(1).[1] He further found, however, that the nature and extent of the communication are unclear and that the evidence does not demonstrate that Peterson did what he did with intent to gain any unfair advantage in the litigation then pending although his conduct may have had that effect had the mistrial not been declared. For this misconduct, the referee recommends that Peterson be publicly reprimanded, not because he communicated with these jurors with any ulterior purpose in mind but simply because he communicated with them. The referee also recommends that Peterson be required to pass the Multistate Professional Responsibility Examination and that he be required to pay defendant's costs and attorney's fees in the cause upon which the mistrial was declared.
The Bar requests a greater discipline, a thirty-day suspension. Peterson, on the other hand, requests a lesser discipline, a private reprimand and no requirement that he pass the Multistate Professional Responsibility Examination or that he pay costs and attorney's fees of the defendants in the cause aborted by mistrial.
We find that under the circumstances a public reprimand and a one-year probation with the condition that Peterson be required to pass the ethics portion of the Florida Bar Examination are warranted. Although we find that Peterson should be required to pay the costs of these disciplinary proceedings, we reject the referee's recommendation that he be required to pay defendant's costs and attorney's fees in the cause upon which the mistrial was declared. This matter has been previously resolved by the First District in Miller v. Colonial Baking Co. of Alabama.
Accordingly, the publication of this decision in Southern Reporter will serve as a public reprimand. Peterson is further placed on probation for one year with the only condition of probation being that he take and pass the Multistate Professional Responsibility Examination. Costs in the amount of $532.79 are assessed against Peterson.
It is so ordered.
ALDERMAN, C.J., and OVERTON, SUNDBERG and EHRLICH, JJ., concur.
*248 ADKINS, BOYD and McDONALD, JJ., concur in finding of misconduct and public reprimand but dissent as to requirement of taking the Multistate Professional Responsibility Examination.
McDONALD, J., also dissents to one year probation.
NOTES
[1] DR 7-108(B)(1) provides:

(B) During the trial of a case:
(1) A lawyer connected therewith shall not communicate with or cause another to communicate with any member of the jury.