Leroy THOMPSON

v.

**PENNA. PAROLE BOARD MEMBER JEFFERSON.**

Civ. A. No. 73-2085.

United States District Court,
E. D. Pennsylvania.

Aug. 4, 1982.

**174**

Jane D. Elliott, Duane, Morris & Hecksher, Philadelphia, Pa., for plaintiff.

Carl Vaccaro, Deputy Atty. Gen., Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, Chief Judge.

Jane D. Elliott, Esquire, who was appointed by the court of appeals to represent plaintiff, Leroy Thompson, in appellate proceedings in this § 1983 action, has moved on behalf of Thompson, pursuant to 42 U.S.C. § 1988, for an award of attorney's fees and costs. Elliott contends that Thompson is entitled to an award of fees because the court of appeals remanded this case for further proceedings as to one of the several defendants. Because his unexplained failure to appear for the retrial has resulted in dismissal of this action, Thompson has failed to establish that he is a prevailing party under § 1988 and the motion for attorney's fees and costs will be denied.

Thompson brought this action *pro se* in 1973 seeking damages from defendants for detaining him as a parole violator without a hearing in violation of his rights to procedural due process as set forth in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Thompson named as defendants: Parole Supervisor Burke, Parole Agent Strickler and Parole Board Member Jefferson.[1] The case was tried to a jury on February 25–26, 1975.[2] At the close of the evidence, I granted defendants' motions for directed verdict and entered judgment in favor of all defendants.

Thompson filed a notice of appeal and the court of appeals appointed Elliott to represent Thompson. On June 1, 1977, the court of appeals filed an opinion affirming the directed verdict as to defendants Burke and Strickler, but reversing as to defendant Jefferson. *Thompson v. Burke*, 556 F.2d 231 (3d Cir. 1977). The case was remanded to this court for further factual development to determine whether Jefferson was entitled to absolute or qualified immunity and, if Jefferson was entitled to qualified immunity, whether he could satisfy the burden of proof on that issue. *See id.* at 240. The court of appeals pointed out that, if Thompson did prevail, he would likely be entitled to nominal damages only. *Id.* at 240.

Elliott then filed a petition for attorney's fees and costs in the court of appeals. That court denied the motion without prejudice on December 28, 1977, stating:

> Inasmuch as we reversed the judgment of the district court . . . and remanded the case to it . . . for the disposition of certain factual and legal issues . . . the motion for legal fees is hereby denied without prejudice to any application which may be made hereafter to the district court or to this court *after resolution of the issues remanded.*

(Document No. 42) (Emphasis supplied).

After the petition for attorney's fees was denied by the court of appeals, the parties engaged in discovery on the issues that were to be retried. The trial on the remanded issues, however, never occurred. Thompson disappeared and Elliott was unable to ascertain his whereabouts. In September of 1980, Elliott filed a motion to withdraw as Thompson's counsel, asserting

---

1. Thompson also filed suit against the Pennsylvania Board of Parole and Probation. On the ground that the Board is not a person under § 1983, Thompson's request to proceed *in forma pauperis* against the Board was denied and the Board was never served with process. (Document No. 2). The court of appeals expressly affirmed this order. *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977).

2. At trial and prior thereto, plaintiff was represented by the supervising attorneys and student interns of the Civil Rights for Inmates, Temple Law Center.

as the reason her inability to locate her client. At the same time she filed a motion for attorney's fees and costs. On November 10, 1980, I entered an order deferring, until June 15, 1981, ruling on the motions filed by Elliott in order to afford Thompson the opportunity to appear and to prosecute his claim. Thompson failed to do so and, on June 23, 1981, I entered an order dismissing this action with prejudice for Thompson's failure to appear to prosecute his claim. I retained jurisdiction to determine whether an award of counsel fees was warranted under the circumstances. Elliott has since renewed her application for fees and costs. She and opposing counsel have filed supplemental memoranda.

By its terms, 42 U.S.C. § 1988 authorizes an award of attorney's fees only to prevailing parties. *Hanrahan v. Hampton*, 446 U.S. 754, 756, 100 S.Ct. 1987, 1988–89, 64 L.Ed.2d 670 (1980). To be a prevailing party, however, it is not necessary to be the beneficiary of a formal final judgment. All that is necessary is that the party seeking an award of attorney's fees " 'essentially succeed[s] in obtaining the relief he seeks on his claims on the merits.' " *Morrison v. Ayoob*, 627 F.2d 699, 671 (3d Cir. 1980) (*per curiam*), *cert. denied*, 449 U.S. 1102, 101 S.Ct. 898, 66 L.Ed.2d 828 (1981), quoting

*Bagby v. Beal*, 606 F.2d 411, 415 (3d Cir.). Applying this standard to the instant case, Thompson cannot be considered a prevailing party. Review of the complaint reveals that Thompson's sole purpose in bringing this action was to secure an award of damages for the alleged deprivation of his rights to due process of law. He sought $250,000 in compensatory damages, and $700,000 in punitive damages. The complaint contains no claim for injunctive or declaratory relief. Thompson did not request release from custody nor did he seek to be afforded the *Morrissey* hearing which he alleged was denied him.

The court of appeals, in reversing the grant of a directed verdict in favor of defendant Jefferson and remanding the case for further factual development, simply afforded Thompson the opportunity to prove that he was entitled to the relief he sought on the merits, *i.e.*, damages. There is no suggestion in the court of appeals' opinion that it considered Jefferson's liability to have been established.[3] Indeed, the thrust of the court of appeals' discussion was that further factual development was essential to determine whether Jefferson, the only remaining defendant, was entitled to the defense of absolute or qualified immunity.[4] The law is clear that where a party's success on appeal consists of obtaining a trial

---

**3.** Indeed, in light of the Supreme Court's recent decision in *Harlow v. Fitzgerald*, —— U.S. ——, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), it could be persuasively, if not convincingly, argued that Jefferson is entitled to the defense of qualified immunity as a matter of law. In *Harlow*, the Court, finding that inquiries into a governmental official's subjective state of mind too often led to trials on insubstantial claims, imposed an objective standard on the good faith defense. The Court held that governmental officials are entitled to immunity so long as they "do not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at ——, 102 S.Ct. at 2738. Under the Court's view of the defense, if the law was not clearly established at the time an alleged violation occurred, the official who acted could not reasonably have known that he was violating someone's rights and is entitled to immunity as a matter of law.

Since, in the instant case, I did grant a directed verdict in favor of Jefferson, it would be difficult for me now to say that the state of the

law was so clear that a reasonable person would have known that the conduct violated constitutional rights.

**4.** I disagree with plaintiff's counsel's reading of the court of appeals' opinion as firmly holding that Thompson's constitutional rights were violated. Although at one point the court stated that, from the record developed at the trial, the standards set forth in *Morrissey* were violated, 556 F.2d at 235, later on in the opinion it left open the possibility that Jefferson could establish that no such constitutional violation occurred. *Id.* at 239. In any event, I do not view this issue as particularly relevant to the question of attorney's fees. As noted, Thompson's sole interest in bringing this action was to obtain an award of damages and not a declaration that his rights were violated. Even if the court of appeals' decision could be construed as holding that Thompson's rights were violated, the court clearly held that further development of the record was necessary before Thompson could obtain an award of damages.

on the merits of his claim, he is not a prevailing party under § 1988. *See, e.g., Hanrahan v. Hampton, supra,* 446 U.S. at 758–759, 100 S.Ct. at 1990; *Swietlowich v. County of Bucks,* 620 F.2d 33, 34 (3d Cir. 1980) (per curiam). To become a prevailing party Thompson would have had to establish Jefferson's liability for damages, even if only nominal damages. Clearly, had Jefferson prevailed at trial, Thompson would have accomplished absolutely nothing from filing this action.[5] Thompson's disappearance, however, resulting in dismissal of his claim, made it impossible to establish Jefferson's liability and, therefore, impossible to confer prevailing party status on Thompson. This determination that Thompson could not be considered a prevailing party on the basis of his appellate success is consistent with the court of appeals' direction that application for attorney's fees must await resolution of the issues remanded.

It is unfortunate indeed that Thompson has repaid his attorney's industry and dedication by disappearing and denying her the opportunity to establish her right to a fee. While I sympathize with the attorney's unfortunate predicament, I must conclude that, through no fault of her own, she has not established that Thompson was a prevailing party and the motion for attorney's fees and costs will be denied.[6]

[5.] There is some suggestion in the memoranda submitted by Elliott that this lawsuit resulted in Thompson's earlier release from prison and that an award of attorney's fees is warranted on a theory that this action led to the vindication of Thompson's constitutional rights. *See generally Sullivan v. Commonwealth,* 663 F.2d 443, 448–449 (3d Cir. 1982). Defendant strenuously contends that this lawsuit had nothing to do with Thompson's release. Elliott has not pointed to anything in this record from which a causal relationship between this lawsuit and Thompson's release from prison can be drawn.

[6.] Elliott also contends she is entitled to fees because defendants delayed proceedings in bad faith after the remand resulting in Thompson's leaving the jurisdiction. I have carefully reviewed the record and the correspondence between the parties and I find no basis for an award of attorney's fees on the ground of bad faith.