SCHWARTZ, Chief Judge.
Frank received an $8,000 jury verdict against the defendant moving company on his claim, which was hotly disputed as to both liability and extent, for damages to his household goods during their transportation from New Jersey to Florida. Rejecting his first contention on appeal, we affirm the determination below that he was not entitled to pre-judgment interest. Alarm Systems of Florida, Inc. v. Singer, 380 So.2d 1162 (Fla. 3d DCA 1980); Town of Longboat Key v. Carl E. Widell & Son, 362 So.2d 719 (Fla. 2d DCA 1978); compare, e.g., Jockey Club, Inc. v. Bleemer, Levine & Associates Architects and Designers, Inc., 413 So.2d 433 (Fla. 3d DCA 1982), and cases cited (prejudgment interest recoverable on quantum meruit claim).
We agree, however, that he was erroneously denied costs below. The trial court declined to assess costs for either side[1] apparently because the defendant, purportedly under Fla.R.Civ.P. 1.442, made — and Frank rejected — a pre-trial settlement offer in the exact amount, $8,000, of the eventual verdict. As it affects the cost issue, however, the offer specifically stated that
[I]f Plaintiff does not accept said offer and a Judgment is obtained less favorable.[2] Plaintiff must pay the costs in *335 curred by Defendant after the making of this offer, [e.s.]
This court has held that the legal effect of an offer of settlement is determined by its precise terms as formulated by the offeror. Parliament Ins. Co. v. That Girl in Miami, Inc., 377 So.2d 1011 (Fla. 3d DCA 1979), and cases cited. In this case, the judgment the plaintiff obtained was the same as, and therefore not “less favorable”[3] than the offer. On its face, therefore, the condition under which the offer would have shifted the liability for costs never came into play. There was thus no basis for denying Frank, who, as the verdict winner, was the prevailing party in the litigation, his statutory right to costs. Sec. 57.041, Fla.Stat. (1979); Kendall East Estates, Inc. v. Banks, 386 So.2d 1245 (Fla. 3d DCA 1980), and cases cited. The trial court is directed to assess those costs upon remand.
Affirmed in part, reversed in part.

. The trial court stated that it was exercising its “discretion” in making this ruling. It is settled, however, that in an action at law like this the entitlement to costs, either of the prevailing party pursuant to Sec. 57.041, Fla.Stat. (1979), or of the offeror under Fla.R.Civ.P. 1.442 accrues as a matter of right, and is not subject to the discretion of the court. Kendall East Estates, Inc. v. Banks, 386 So.2d 1245, 1247 (Fla. 3d DCA 1980); United Services Automobile Association v. Noell, 372 So.2d 504 (Fla. 3d DCA 1979).

. In this decisive respect, the “offer” is the semantic reverse of the rule, which requires the plaintiff to pay post-offer costs if the judgment is “not more favorable.” Since this did not in fact occur, it is apparent that, if the offer had *335 tracked the language of the rule, or merely referred to it in general terms, the defendant, as it now contends on its cross-appeal, would have been entitled to costs. United Services Automobile Association v. Noell, supra, n. 1; Santiesteban v. McGrath, 320 So.2d 476 (Fla. 3d DCA 1975).

. Just as it was “not more favorable” either. Rule 1.442; see note 2, supra.