WALDEN, Judge.
The Macks sued Dr. Garcia for medical malpractice and prevailed. However, the Macks were dissatisfied with the amount of the award and successfully appealed to this court so as to obtain a reversal and remand for a new trial. Mack v. Garcia, 433 So.2d 17 (Fla. 4th DCA 1983).
Upon new trial the Macks were again successful and obtained a money judgment against Dr. Garcia more to their liking. The Macks then moved to tax costs against Dr. Garcia for costs incurred in the first trial and in the second trial.
The trial court taxed costs for the second trial but refused to do so as concerns the first trial. The Macks appeal. We reverse and remand with instructions.
It is to be remembered and emphasized that the Macks have prevailed at every step in this litigation.
Section 57.041, Florida Statutes (1983) is the statutory basis for the prevailing party recovering costs from the losing party. Its application was discussed in Gordon International Adv. v. Charlotte County L. & T. *466 Co., 170 So.2d 59, 61 (Fla. 3d DCA 1964), as follows:
Costs, as a compensatory monetary award to the winning party, is a judicial attempt to make the winning party as whole as he was prior to the litigation, (sic) The theory being that the prevailing party should not lose anything, at least financially, by virtue of having established the righteousness of his claim.
As we see it, under the circumstances here, the Macks are entitled to their lawful costs expended in the first trial and in the second trial in order to be made whole.
Upon remand we respectfully instruct that the trial court review the Macks’ claimed costs from both trials and award a cost judgment accordingly.
Reversed and remanded with instructions.
GLICKSTEIN and HURLEY, JJ., concur.