470 So.2d 861 (1985)
Gary S. ISRAEL, Appellant,
v.
Dayle T. LEE f/k/a Dayle T. Baxter, Appellee.
No. 83-2570.
District Court of Appeal of Florida, Second District.
June 14, 1985.
*862 Gary S. Israel, West Palm Beach, appellant pro se.
William A. Borja, Clearwater, for appellee.
William O.E. Henry, Lakeland, Gerald F. Richman, Miami, and John F. Harkness, Jr., John T. Berry and Dennis X. Crowley, Tallahassee, amicus curiae, The Florida Bar.
PER CURIAM.
Attorney Gary S. Israel seeks reversal of that portion of an order assessing attorney's fees and costs against him in favor of the appellee. We reverse.
Israel was retained to represent Thomas Baxter in contempt proceedings which were brought against Baxter by his former wife, Dayle T. Lee (the appellee). During those proceedings, Israel continuously asserted the attorney-client privilege even though the court had ruled the privilege did not apply. He also refused to comply with a subpoena duces tecum and a court order directing him to appear as a court witness. As a result, the court held him in direct contempt and ordered that he be incarcerated in the County Jail until he agreed to comply with the court's orders.
Israel was granted a stay of sentence pending appeal. Then, in his own name and his own behalf as well as jointly with Baxter as co-appellant, Israel filed a notice and an amended notice of appeal of various orders of the trial court. The argument on appeal focused on two issues. The first, involving only Baxter, was whether the court erred in denying his motion to set aside two of the orders because the evidence was insufficient. The second, involving only Israel, was whether the court erred in holding him in contempt and denying his motion for a protective order. Both issues were decided adversely to both appellants in Baxter v. Lee, 431 So.2d 994 (Fla. 2d DCA 1983). In Baxter, this court issued an order provisionally granting appellee's motion to tax fees and costs in accordance with the rationale announced in Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977), and remanded with directions to the trial court to determine "the amount of a reasonable fee for such services and the portion of it, if any, that appellants should be required to pay because of disparity in the parties' needs and abilities to pay."
Based on our order, appellee filed a motion to assess costs and attorney's fees against both Baxter and Israel. A hearing was held and the trial court ordered trial costs and attorney's fees in the amount of $4,500 to be borne only by Baxter; appellate costs and attorney's fees in the amount of $4,678.70 were to be borne jointly and severally by Baxter and Israel.
The entitlement to attorney's fees is derivative in nature. Florida Rule of Appellate Procedure 9.400 contemplates an allowance of attorney's fees in favor of the prevailing party to be paid by the unsuccessful party and, then, only if otherwise authorized by substantive law. See Committee Notes, Fla.R.App.P. 9.400; In re Estate of Crosley, 384 So.2d 274 (Fla. 4th DCA 1980). Attorney's fees may be awarded only where authorized by either a contract or by a statute or where the attorney's services create or bring a fund or other property into the court. Kittel v. Kittel, 210 So.2d 1 (Fla. 1967); Miller v. Colonial Baking Co., 402 So.2d 1365 (Fla. 1st DCA 1981); and Polk County v. Deaton, 352 So.2d 571 (Fla. 2d DCA 1977). None of these circumstances exist with regard to Israel; no contract exists, no fund was created, and no statutory authority supports such an award. Accordingly, despite any inference to the contrary in our prior order in Baxter, Dresser makes no mention of an attorney being held personally liable for the attorney's fees incurred by the opposing party. Accordingly, the trial court was not authorized to assess attorney's fees against Israel. See Miller.
*863 As to the assessment of costs, it is generally recognized that costs are not awarded unless they are authorized by statute or by the parties' agreement and that, if awarded, such costs are taxable only pursuant to the statute or rule. Miller. Here we can find no statute or rule authorizing the assessment of costs against Israel. See Miller; The Florida Bar v. Peterson, 418 So.2d 246 (Fla. 1982).
We reverse and remand with directions to strike only those portions of the order appealed which assess attorney's fees and costs against Israel. We affirm the order in all other respects.
REVERSED AND REMANDED.
RYDER, C.J., and DANAHY and LEHAN, JJ., concur.