476 So.2d 323 (1985)
Carl J. THORNBURG and Barbara Ann Thornburg, Husband and Wife, Individually and As Parents and Natural Guardians of Carl Douglas Thornburg, a Minor, Appellants/Cross-Appellees,
v.
Horace PURSELL, Patricia Pursell, Joseph Pursell, Michelle Woolever, Flavius Johnson, Gregory Pursell, Joni Pursell, Terry Pursell, George Hill and Mary Hill, d/b/a Fifty's Fantasy and/or Family Entertainment Center, and the City of Arcadia, a Municipal Corporation, Appellees/Cross-Appellants.
No. 84-2601.
District Court of Appeal of Florida, Second District.
October 11, 1985.
Arnold R. Ginsberg of Horton, Perse & Ginsberg and Bruce L. Scheiner, & Associates, Miami, for appellants/cross-appellees.
James H. Burgess, Jr., of Syprett, Meshad, Resnick & Lieb, P.A., Sarasota, for appellee/cross-appellant, City of Arcadia.
James M. Beesting of Beesting & Beesting, Arcadia, for appellees/cross-appellants, *324 Horace Pursell, Patricia Pursell, Joseph Pursell, Michelle Woolever, Flavius Johnson, Gregory Pursell, Joni Pursell, Terry Pursell, George Hill and Mary Hill, d/b/a Fifty's Fantasy and/or Family Entertainment Center.
PER CURIAM.
Carl J. Thornburg and Barbara Ann Thornburg, plaintiffs in a personal injury action, appeal from the trial court's denial of their motions to tax costs. The City of Arcadia, one of the defendants in the action, cross-appeals the court's denial of its motion to tax costs. We affirm in part and reverse in part.
This is the second time this case has been appealed, and there have been two trials. In the first trial, the jury returned a verdict in the amount of $575.00. Several of the defendants moved to tax costs against the plaintiffs, and the plaintiffs moved for a new trial. The trial court denied the motion for new trial and granted the defendants' motion to tax costs. The plaintiffs appealed, and we ordered a new trial on the issue of damages. Thornburg v. Pursell, 446 So.2d 713 (Fla. 2d DCA 1984).
On remand, a second trial was held and a final judgment in the sum of $2000.00 was entered in favor of the plaintiffs. The plaintiffs and the city both filed motions to tax costs. The trial court denied the city's motion to tax costs for the second trial and denied the plaintiffs' motion to tax costs for the first trial, the first appeal, and the second trial held upon remand. This appeal timely followed.
The plaintiffs concede they are not entitled to costs incurred in the first appeal because their motion for appellate costs was not filed within thirty days as required by Florida Rule of Appellate Procedure 9.400(a).
The plaintiffs first contend that the trial court erred in denying their motion to tax costs incurred in the first trial. The court, in denying the plaintiff's motion, explained that the cost judgment entered in favor of the defendants stood as the law of the case because the plaintiffs failed to appeal that cost judgment. We disagree. In the first appeal, we reversed and ordered a new trial on the issue of damages. Where a judgment is reversed on appeal, it is not proper to allow a cost judgment pending the outcome of the matter on remand. Giovannielli v. Lacedonia, 179 So.2d 407 (Fla. 3d DCA 1965). The trial court therefore erred in affirming the cost judgment entered in favor of the defendants in the first trial because the judgment upon which it was predicated was reversed on appeal. Standard Guaranty Insurance Co. v. Geeting, 355 So.2d 819 (Fla. 2d DCA 1978). The trial court also erred in denying the plaintiffs' motion to tax costs incurred in the first trial because, upon remand, the plaintiffs were the prevailing party in the action. § 57.041, Fla. Stat. (1983).
The plaintiffs next correctly contend that the trial court erred in denying their motion to tax costs incurred in the second trial. The court denied the motion because the plaintiffs' recovery was not more favorable than the defendants' collective offers of judgment. We find the trial court erred in considering the defendants' offers collectively.
Florida Rule of Civil Procedure 1.442 allows a party defending against a claim to serve an offer of judgment on the adverse party anytime more than ten days before trial begins. The portions of the rule pertinent to resolution of the controversy before us are as follow:
An offer not accepted shall be deemed withdrawn and evidence of it is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer.
In the case sub judice, various defendants had made separate offers of judgment prior to the second trial. Several defendants made a $500.00 offer in May of 1981, *325 and the city made a $1500.00 offer in December of 1982. The plaintiffs did not accept those offers, and at trial, a $2000.00 final judgment was entered in their favor.
The rule does not provide for combining two separate and distinct offers. It states that an offer shall be deemed withdrawn if it is not accepted within ten days. It further provides that if an offer is made and not accepted, subsequent offers are not precluded. The rule therefore indicates that offers do not survive once they have been rejected. Because each offer in the case before us expired upon rejection, the offers could not be considered collectively for purposes of denying the plaintiffs' costs in the second trial.
Since the plaintiffs never had an opportunity to consider the offers collectively, it would be inequitable to permit the trial court to treat the offers as such for purposes of awarding or denying costs. The effect of an offer of settlement is determined by its precise terms as formulated by the offeror. Frank v. Engel Van Lines, Inc., 429 So.2d 333 (Fla. 3d DCA 1983). The offers in this case were not made simultaneously, and neither offer indicated it was to be joined with the other.
We note that, had either of the offers equaled $2000.00, the amount of the judgment finally obtained, the offeror would have been entitled to recover costs. Engle Van Lines, Inc. at 334 n. 2. The rule states that where the amount of judgment finally obtained is not more favorable than the offer of judgment, the offeree must pay the costs incurred subsequent to the offer. Fla.R.Civ.P. 1.442. Under the circumstances of this case, the provisions of the rule have not been met. The judgment finally obtained was more favorable than either of the offers. Accordingly, costs incurred in the second trial should be taxed in favor of the prevailing party, the plaintiffs. § 57.041.
In view of our holding, we find that the city's cross-appeal has no merit. We, therefore, affirm the trial court's order denying the city's motion to tax costs in the second trial.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.