489 So.2d 1189 (1986)
OTIS ELEVATOR COMPANY, and Liberty Mutual Insurance Company, Appellants,
v.
Patricia L. BRYAN, As Personal Representative of the Estate of Joseph David Bryan, Deceased, Appellee.
No. BJ-416.
District Court of Appeal of Florida, First District.
May 30, 1986.
Rehearing Denied July 8, 1986.
E. Harper Field and Marilyn M. McFadden of Field, Granger, Santry & Mitchell, P.A., Tallahassee, for appellants.
Brian S. Duffy and Robert M. Ervin, Jr. of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellee.
NIMMONS, Judge.
This is an appeal from an order taxing costs against the defendants/appellants.
The first issue is whether the court erred in taxing costs against the defendants for both trials, the first having resulted in a hung jury and consequent mistrial, the second having resulted in a verdict and *1190 judgment in favor of the plaintiff. We hold that this was proper.
For reversal on this point, appellants rely in part upon McArthur Dairy, Inc. v. Guillen, 470 So.2d 747 (Fla. 3d DCA 1985). Such reliance is misplaced. There, the plaintiffs, having voluntarily dismissed the first suit, sought a refund of costs which they had had to pay to the defendant as a prerequisite to the maintenance of the second suit pursuant to Fla.R.App. 1.420(d). The plaintiffs prevailed in the second suit. As pointed out by the McArthur court, the purpose of taxing against the plaintiff, as a prerequisite to commencing a second action, the defendant's costs in an earlier action which was voluntarily dismissed, is to discourage repetitive and harassing lawsuits. Those concerns are not implicated in the present case which involves a single action and an unforeseeable hung jury, not the use of a voluntary dismissal as a tactical tool.
In Sears, Roebuck & Co. v. Richardson, 343 So.2d 678 (Fla. 1st DCA 1977), this court held that the prevailing party could not recover costs from the first trial where the mistrial was caused by the conduct of the prevailing party's attorney in discussing testimony with a juror. In the instant case, there was no misconduct, or any conduct for that matter, by the prevailing party which caused the mistrial. In such a case, we see no reason why the ultimately prevailing party should not be entitled to recover taxable costs incurred by the plaintiff in the first trial. As this court stated in Richardson, supra:
The trial court retains full jurisdiction and authority under the statute to determine all questions of costs when the litigation has been finally determined. In the taxation of costs after final determination of the cause, he may take into consideration events arising out of both the proceedings prior to the declaration of a mistrial and those which occur thereafter.
Id. at 679. Compare Thornburg v. Pursell, 476 So.2d 323 (Fla. 2d DCA 1985) (where plaintiffs obtained jury verdict but appealed the amount of damages and won a new trial on damages, held plaintiff entitled to taxation of costs in first trial as well as second trial). For a holding similar to Thornburg, see also Mack v. Garcia, 453 So.2d 465 (Fla. 4th DCA 1984). As stated in Gordon International Advertising, Inc. v. Charlotte County Land & Title Co., 170 So.2d 59 (Fla. 3d DCA 1965):
"Costs, a compensatory monetary award to the winning party, is a judicial attempt to make the winning party as whole as he was prior to the litigation. The theory being that the prevailing party should not lose anything, at least financially, by virtue of having established the righteousness of his claim."
Id. at 61. We believe our holding in the instant case accomplishes the above salutary purpose and is consistent with current decisional law.
The next issue presented is whether the trial court erred in taxing as costs expert witness fees of two of the defendants' expert witnesses whose discovery depositions were taken by plaintiff's counsel. Such witnesses testified at trial. It is undisputed that no part of either deposition was read at trial or used to impeach such witnesses. Nevertheless, the trial court found that such expert witness fees were taxable against the defendant because counsel for the plaintiff represented that he had relied upon such depositions in preparing his cross-examination of such witnesses for trial.
The rule in Florida is to disallow taxation of costs for discovery depositions taken in preparation for trial. E.g. Crane v. Stulz, 136 So.2d 238 (Fla. 3d DCA 1962). But where such depositions serve a "useful purpose" at trial, they are taxable as costs. Id. at 242; see also Miller Yacht Sales v. Scott, 311 So.2d 762 (Fla. 4th DCA 1975). Although the depositions need not, in order to be taxable, have been "offered into evidence" at trial, see Schumacher v. Wellman, 415 So.2d 120, 122 (Fla. 4th DCA 1982), and Cohn v. Florida National Bank at Orlando, 223 So.2d 767 (Fla. 4th DCA 1969), we are aware of no decision in Florida which has gone so far as to approve the taxation of expert witness fees for discovery *1191 depositions taken in preparation for trial simply because the attorney says that he used the discovery deposition to prepare for cross examination of the witness at trial.
We believe our holding is not at odds with the "Statewide Uniform Guidelines For Taxation of Costs In Civil Actions," paragraph G of which provides that where an "expert witness fee charged for the giving of a deposition is not used in whole or in part at the trial" such is not a taxable cost item. Indeed, the language "used at trial" suggests a stricter standard than the "serving a useful purpose" standard referred to in the above cases.
The appellants also complain of the taxation of costs incurred in the production of a video tape exhibit which was used by the plaintiff's expert at trial. This was proper under Section 92.231, Florida Statutes.
AFFIRMED IN PART AND REVERSED IN PART.
MILLS and WENTWORTH, JJ., concur.