# NATIONAL MARKETPLACE ASSOCIATES, LTD. v C.S.T. ESSENTIAL TECHNOLOGY, INC., etc.

Case No. 86-15534

Ninth Judicial Circuit, Orange County

April 7, 1987

## APPEARANCES OF COUNSEL

Usher L. Brown and Stephen D. Milbrath, Litchford, Christopher & Milbrath, for plaintiff.

Robert C. Wilkins, Carlton Fields, et al., for defendant.

## OPINION OF THE COURT

JAMES C. HAUSER, Circuit Judge by Designation.

*ORDER AWARDING FEES AND COSTS, AND ACCEPTING AND CONFIRMING SETTLEMENT AGREEMENT*

THIS CAUSE came on to be heard upon the Settlement Agreement

between the parties, and hearings on the attorneys' fees and costs to be taxed. The court, being fully advised in the premises, does hereby make the following findings and order:

## I. FINDINGS OF FACT

1. The court finds that the parties negotiated and entered into a comprehensive Settlement Agreement that resolves the issues in this case.

2. The Settlement Agreement specified that Judge Hauser would determine the amount of attorneys' fees to be awarded to Plaintiff and charged against the Defendants. The Defendants specifically agreed in the Settlement Agreement to pay the Plaintiff's attorneys' fees in this action in the amount determined by Judge Hauser, and waived any right of appeal as to that determination by the Judge.

3. The Settlement Agreement is silent as to the issue of costs.

4. After a hearing on the issue of attorneys' fees, the court finds that the reasonable fee to be charged against the Defendants, and in favor of the Plaintiff is $19,000. The court finds that this was an extremely vigorous litigation, with a multitude of issues and evidentiary hearings not normally found in a commercial eviction and landlord/tenant case. The court applied the standards set forth in *Florida Patients Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985), and both parties stipulated that neither would appeal Judge Hauser's award of attorneys' fees.

5. Although the Settlement Agreement resolves the issues material to the claims made by the parties in this case, there remains two additional issues for decision. The first is whether the court retains jurisdiction to tax costs under Chapter 57, Florida Statutes, against Defendants where the parties have previously dismissed their respective actions, with prejudice, pursuant to the Settlement Agreement. The second is whether the court retains jurisdiction to award attorneys' fees to the Defendants under Section 865.09(5)(b) where the parties have previously dismissed their respective actions, with prejudice, pursuant to the Settlement Agreement.

6. The court finds that the issue stated in the preceding paragraph concerning costs and attorneys' fees is an issue of first impression in Florida.

7. Based upon a review of the Settlement Agreement between the parties, the court finds that the Plaintiff is the prevailing party for purposes of taxing costs. The court has found that the Plaintiff's

**49**

litigation was a catalyst for the affirmative relief that it primarily sought. Material to this determination is the fact that the Defendants agreed to pay the Plaintiff's reasonable attorneys' fees, and that under the Lease Agreement between the parties, attorneys' fees were agreed to be paid only where the landlord established a breach of the Lease Agreement.

## II. CONCLUSIONS OF LAW

8. Based upon an evidentiary hearing before this Court, the Court finds that the Plaintiff failed to comply with Florida Statutes, Section 865.09, by engaging in business under the fictitious name, "The Marketplace."

9. Although the case has been settled and dismissed with prejudice as to the claims of the landlord and the counterclaims filed by the tenant, this court retains jurisdiction to tax costs under Florida Statutes, Section 57.021, in favor of the Plaintiff as it is the prevailing party in this action and to award attorneys' fees and costs to Defendants under Section 865.09(5)(b). *See Finkelstein v. North Broward Hospital District*, 484 So.2d 1241 (Fla. 1986) and *Folta v. Bolton*, 493 So.2d 440 (Fla. 1986). Also see *Miller v. Colonial Banking Co. of Alabama*, 402 So.2d 1365 (Fla. 1st DCA 1982); and *Lake Region Paradise Island, Inc. v. Graviss*, 323 So.2d 610 (Fla. 2d DCA 1975).

10. The terms of the Settlement Agreement must be strictly construed. *See, BMW of North America, Inc. v. Krathen*, 471 So.2d 585 (Fla. 4th DCA 1985) *rev. den.* 484 So.2d 7. The court finds that the Settlement Agreement is silent as to taxable costs. In the absence of a stipulation or agreement on costs, they may be taxed pursuant to Section 57.021, Florida Statutes, *Interstate Fire Insurance Co. v. Hamilton*, 356 So.2d 1348 (Fla. 1st DCA 1978). Although it is a case of first impression whether the court retains jurisdiction to tax costs where the case is dismissed with prejudice pursuant to a Settlement Agreement prior to trial, it is the general rule that costs are a statutory allowance recoverable by the successful party as an incident to the main adjudication. The present situation is analogous to an offer of judgment under Rule 1.442 and an offer of judgment need not expressly refer to costs nor state that costs are in addition to the amount stated in the offer of judgment. *River Road Construction Co. v. Ring Power Corp.*, 454 So.2d 38 (Fla. 1st DCA 1984).

11. In determining that Plaintiff is the prevailing party in this case, the court is persuaded by a recent line of federal cases which hold that it is not necessary for the Plaintiff to receive affirmative *judicial* relief. It is sufficient if the Plaintiff's lawsuit is a catalyst for a substantial

amount of the relief that Plaintiff sought through its lawsuit. *See, e.g., Reel v. Arkansas Dept. of Correction,* 672 F.2d 693 (8th Cir. 1982); *Robbinson v. Kimbrough,* 620 F.2d 468 (5th Cir. 1980); *Thompson v. Pennsylvania Parole Board,* 544 F.Supp. 173 (E.D. Pa. 1982); and *International Society for Krishna Consciousness, Inc. v. Colorado State Fair and Industrial Exposition Commission,* 673 P.2d 368 (Col. 1983).

12. With respect to Plaintiff's failure to comply with the Florida Fictitious Name Statute, the same rationale applies. The attorneys' fees are expressly provided for in the statute and are awarded as a penalty for Plaintiff's violation of this statute.

## *III. ORDER AWARDING FEES AND COSTS, CONFIRMATION OF SETTLEMENT AGREEMENT, AND CERTIFICATION OF QUESTION ON APPEAL*

Based upon the above findings and conclusions of the court, it is hereby ORDERED as follows:

13. That attorneys' fees in the amount of $19,000 are awarded to the Plaintiff, NATIONAL MARKETPLACE ASSOCIATES, LTD., and that the Defendants shall be responsible to pay said attorneys' fees in the manner provided in the Settlement Agreement.

14. Plaintiff's costs in the amount of $1,747.18 are hereby taxed against the Defendants, for which let execution issue forthwith.

15. Defendants' attorneys' fees in the amount of $1,530.60 and costs of $14.00 are taxed against Plaintiff for Plaintiff's failure to comply with the fictitious name statute, for which let execution issue forthwith.

16. The Settlement Agreement is accepted and confirmed by the court.

ORDERED in Chambers in Orlando, Orange County, Florida, on this 7th day of April, 1987.