PER CURIAM.
This is an appeal by the defendant Prime Management Co., Inc., from a final judgment entered upon an adverse jury verdict following a retrial on damages only in a breach of fiduciary duty action. Previously, a new trial order on damages had been entered below and affirmed on appeal by this court. Waltman v. Prime Motor Inns, 499 So.2d 73 (Fla. 3d DCA 1986). Initially, this order had stated no grounds for granting the new trial, and, for that reason, this court reversed the subject order; the Florida Supreme Court, however, reversed this determination and remanded with directions to allow the trial court to state its grounds for granting the new trial. Prime Motor Inns, Inc. v. Wattman, 480 So.2d 88 (Fla.1985). Upon remand, the trial court entered an order containing multiple grounds for the new trial, which order we affirmed on appeal. Wattman v. Prime Motor Inns, 499 So.2d 73 (Fla. 3d DCA 1986). For the reasons which follow, we again affirm.
First, the central contention raised by the defendant on appeal is that the trial court erred in failing to direct a verdict in its favor at trial, as allegedly required by the new trial order. We disagree. The new trial order, in our view, did not require that the damages be established in a certain way at the new trial. It only concluded that, on the evidence adduced at the prior trial, the plaintiff’s damages were not established. At the new trial, the evidence adduced was somewhat different from that at the first trial as to elements of consideration for the purchase of the three motels in question-different enough, we think, for the jury to reach the verdict it did. Moreover, there were multiple grounds given for the new trial, only one of which was the damages point; our affirmance, without opinion, of this order was not necessarily an approval of all the grounds contained therein, and, in any event, was, at best, a conclusion that the trial court had not abused its discretion in awarding a new trial on the damages point. This being so, the law of the case for directed verdict purposes was not, as urged, established by the new trial order. See State ex rel. Outrigger Club, Inc. v. Barkdull, 277 So.2d 15, 16-17 (Fla.1973); Steele v. Pendarvis Chevrolet, Inc., 220 So.2d 372, 374 (Fla.1969); Myers v. Atlantic Coast Line Ry., 112 So.2d 263 (Fla.1959).
*698 Second, the remaining points raised by the defendant do not present reversible error and do not require extended discussion. In particular, the plaintiff counsel’s trial conduct, even if overly aggressive at times, did not rise to the level of such improper conduct as would require a new trial. See Sharp v. Lewis, 367 So.2d 714, 715 (Fla. 3d DCA 1979); Walker v. City of Miami, 337 So.2d 1002, 1004 (Fla. 3d DCA 1976); Metropolitan Dade County v. Dillon, 305 So.2d 36, 40 (Fla. 3d DCA 1974), cert. denied, 317 So.2d 442 (Fla.1975). We also see no error in the trial court’s assessment of certain costs incurred by the plaintiff at the prior trial. Inasmuch as the plaintiff secured a verdict in its favor at that trial on the issue of liability and a new trial was awarded only on damages, we think the plaintiff was entitled to its taxable costs at the prior trial as they relate to the liability issue; the $1,083.03 in costs awarded at the prior trial appears reasonably related to that issue and we see no abuse of discretion in awarding such costs. See Otis Elevator Co. v. Bryan, 489 So.2d 1189 (Fla. 1st DCA 1986); Thornburg v. Pursell, 476 So.2d 323 (Fla. 2d DCA 1985); Mack v. Garcia, 453 So.2d 465 (Fla. 4th DCA 1984).
The final judgment under review is therefore in all respects
Affirmed.