PER CURIAM.
Prime Motor Inns, Inc., appeals from an adverse final judgment in an action for diversion of proceeds from the sale of Prime-Florida, Inc.’s leasehold interest. We affirm.
Substantial competent evidence in the record supports the interrogatory verdict that a written lease existed. See Firestone Serv. Stores, Inc., v. Wynn, 131 Fla. 94, 179 So. 175 (1938); Onontario of Florida, Inc. v. R.P. Trucking, Co., 399 So.2d 1117 (Fla. 4th DCA 1981); Action Fire Safety v. Biscayne Fire Equip. Co., 383 So.2d 969 (Fla. 3d DCA 1980). The record also reflects ample substantial evidence to support the jury’s damage award. See R.A. Jones & Sons, Inc. v. Holman, 470 So.2d 60 (Fla. 3d DCA 1985), rev. dismissed sub nom. Ford Motor Co. v. R.A. Jones & Sons, Inc., 482 So.2d 348 (Fla.1986); Conner v. Atlas Aircraft Corp., 310 So.2d 352 (Fla. 3d DCA), cert. denied, 322 So.2d 913 (Fla.1975). See also Callihan v. Turtle Kraals, Ltd, 523 So.2d 800 (Fla. 3d DCA 1988); Phillips v. Ostrer, 481 So.2d 1241 (Fla. 3d DCA 1985), rev. denied, 492 So.2d 1334 (Fla.1986).
Appellant’s remaining point on appeal is without merit. See Prime Management Co. v. W & C Assocs., Ltd., 548 So.2d 696 (Fla. 3d DCA 1989), rev. denied 560 So.2d 234 (Fla.1990).
Affirmed.