WENTWORTH, Judge.
Claimant appeals a workers’ compensation order by which (1) his attorney was denied fees for services rendered on a previous appeal arising out of the compensable industrial accident, and (2) the employer/carrier was required to pay only 75% of the attorney fee awarded to claimant’s counsel for benefits obtained. We affirm on the first issue and reverse on the second.
On May 25, 1979, an order was entered requiring employer/carrier to pay claimant an increased weekly compensation rate as to temporary total disability benefits. The employer/carrier appealed that order and this court affirmed per curiam. On February 13, 1980, the application for appellate attorney fees filed by claimant’s counsel was denied. No petition for rehearing was filed with respect to that denial. We accordingly decline to re-visit that previously adjudicated issue and conclude that the trial court properly refused to entertain claimant’s motion for appellate attorney fees.
We find merit in claimant’s contention with respect to the fee awarded claimant’s counsel, and conclude that the deputy *1026 commissioner erred in apportioning the award between the employer/carrier and the claimant pursuant to § 440.34, Florida Statutes (1978).
On September 12, 1980, the parties entered into a stipulation and joint petition for lump sum payment. Under the terms of that stipulation the employer/carrier was discharged from all present, past and future liability in consideration for which claimant was to receive $1,000 total compensation, which amount included future medical care. The parties further agreed that the deputy commissioner would determine the amount of a reasonable fee for claimant’s attorney. Affixed to the stipulation agreement was an affidavit signed by claimant. The pertinent provision of that affidavit provided as follows:
(7) I understand that the employer/carrier herein will pay my attorney a fee which is to be determined by the Deputy Commissioner. This fee does not come out of my $1,000.
The deputy commissioner found that counsel for claimant was entitled to a reasonable fee of $2,000, and ordered that seventy-five percent of that amount was to be paid by the employer/carrier and the remainder by claimant.
The terms of the stipulation agreement are plainly intended to be read in conjunction with the affixed affidavit. The parties accordingly agreed to an award of a reasonable fee for claimant’s counsel, the reasonableness of which was to be determined by the deputy commissioner, and further agreed that the employer/carrier would bear full responsibility for that award. We conclude that the statute states an apportionment rule subject to the contrary provision of the parties’ agreement in this case.
The order is therefore reversed insofar as apportionment of the fee is required, and the cause is remanded to the deputy commissioner for entry of an order consistent with this opinion. In all other respects, the order is affirmed.
BOOTH and SHAW, JJ., concur.