SHIVERS, Judge.
Pursuant to Rule 9.400(c), Fla.R.App.P., the Division of Workers’ Compensation (Division) seeks review of an order of the Deputy Commissioner (DC) denying the Division’s motion to tax costs against the Dade County School Board (Dade) for the preparation of a record on appeal which the Division was ordered, by the DC, to pay on behalf of an indigent claimant. The nature of the order appealed by claimant concerned, in part, the denial of continued medical benefits, for a compensable injury which occurred on September 10, 1979. On appeal, this court reversed that part of the order which denied the claim for continued medical benefits and remanded the case to the DC to determine whether a medical report, which was cited in the DC’s order but omitted from the record on appeal, should have been included in the record and, if not, whether the medical evidence in the existing record was sufficient to support the order. Jackson v. Dade County School Bd., 411 So.2d 1033 (Fla. 1st DCA 1982). The order of the DC was affirmed in all other respects, and this court denied claimant’s motion for attorney’s fees pursuant to section 440.34, Fla.Stat. (1979). No motion to tax costs was filed by claimant, and the opinion of this court made no reference to whether costs should be assessed against Dade. On remand, the DC affirmed the denial of the claim for continued medical benefits. Thereafter, the Division filed its motion to tax costs, alleging that since claimant prevailed on appeal, it was entitled, pursuant to Rule 9.400, Fla.R. App.P., to recoup the record costs paid on behalf of claimant. Initially, the DC granted the motion, finding that since claimant had prevailed on appeal, costs were properly taxed against Dade. By subsequent orders, however, the DC vacated the order granting the motion to tax costs and thereafter denied the motion on the following alternate grounds:
(1) The DC lacked jurisdiction to rule on the motion to tax costs because the opinion of this court did not remand the case for consideration on that issue;
(2) The Workers’ Compensation Act does not contain any specific statutory authority which would allow the DC to award the Division reimbursement for costs expended on behalf of an indigent claimant for the preparation of the appellate record; and
(3) Claimant did not prevail on appeal. We find that the DC erred in making the
above findings and, therefore, reverse the order denying the Division’s motion to tax costs.
Addressing first the issue of jurisdiction, we find that the DC had jurisdiction to entertain the Division’s motion to tax costs pursuant to Rule 9.400(a), Fla.R. App.P. That rule provides that:
Costs shall be taxed in favor of the prevailing party unless the court orders otherwise. Taxable costs shall include:
[[Image here]]
(2) charges for the preparation of the record;
Costs shall be taxed by the lower tribunal on motions served within 30 days after issuance of the mandate, (emphasis added)
Since the motion to tax costs was served within thirty days after the issuance of the mandate, the DC clearly had jurisdiction to entertain the Division’s motion to tax costs.
*1369 We now consider the question of whether statutory authority exists, under the Workers’ Compensation Act, permitting the DC to award costs in favor of the Division for record costs expended by it on behalf of an indigent claimant who prevails on appeal. Section 440.34(2), Fla.Stat. (1979) states that “[i]f the claimant should prevail in any proceedings before a ... court, there shall be taxed against the employer the reasonable costs of such proceedings, not to include the claimant’s attorney’s fees.” (emphasis added) Thus, where claimant prevails on appeal, costs, including record costs, must be taxed against the employer. In this case, we find that claimant prevailed on appeal, since this court reversed and remanded the order of the DC. Record costs must, therefore, be taxed against Dade. Since the record costs were paid by the Division and not by claimant, the Division stands in the shoes of claimant and is thus entitled to recover the record costs from Dade pursuant to section 440.-34(2), Fla.Stat. (1979). On that basis, we reverse the order of the DC denying the Division’s motion to tax costs and remand the matter to the DC for a determination of taxable costs.
REVERSED and REMANDED.
MILLS and BOOTH, JJ., concur.