527 So.2d 286 (1988)
EXECUTIVE MOTORS, INC. and American Hardware Mutual Insurance Group, Appellants,
v.
Raymond STRACK, Appellee.
No. 87-1857.
District Court of Appeal of Florida, First District.
June 17, 1988.
Rehearing Denied July 13, 1988.
John F. McMath, of John F. McMath, P.A., Miami, for appellants/cross-appellees.
Samuel Sheradsky, of Samuel Sheradsky, P.A., Coral Gables, for appellee/cross-appellant.
*287 WIGGINTON, Judge.
The employer/carrier appeal and the claimant cross appeals the order of the deputy commissioner awarding an attorney's fee to claimant's attorney in the amount of $16,000 and taxing appellate costs. The employer/carrier argue that the deputy commissioner lacked jurisdiction to tax appellate costs and challenge the sufficiency of the order awarding the attorney's fee. On cross-appeal, claimant asserts that the deputy erred in failing to include in the award of attorney's fees the time, labor, and skill exercised by his counsel in a successful appeal after prevailing on claimant's claim following the appellate court's remand. We reverse on all points.
The genesis of this cause was the deputy commissioner's order dismissing a claim for wage-loss benefits on the basis that it was barred by the statute of limitations. The matter was appealed to this Court which reversed the order and remanded the cause in Strack v. Executive Motors, Inc., 500 So.2d 703 (Fla. 1st DCA 1987). The mandate was issued by this Court on January 22, 1987.
On remand, the deputy held a hearing and ultimately entered an order on August 19, 1987, awarding benefits and medical care, and retaining jurisdiction for the purpose of determining entitlement to and the amount of attorney's fees. Thereafter, on September 28, 1987, claimant filed a verified motion for costs and attorney's fees. Included in the motion was the time spent and costs related to the previous appeal. Introduced into evidence was a verified attorney's time catalogue setting forth a total of ninety hours that claimant's counsel had spent in the matter since December 16, 1981, including 11.5 hours related to the earlier appeal. The total amount of benefits received by claimant was determined to be $56,089.70.
During the course of the hearing, the deputy specifically stated that the carrier's action in this cause, and the basis upon which he would award fees, was bad faith. The deputy also recognized that claimant's attorney was an experienced practitioner, stated on the record that the proceeding had been a long, hard-fought case, and awarded claimant costs in the amount of $1,780 and determined that a reasonable fee would be $16,000. The deputy was of the opinion that he could not award a fee based on labor expended for the original appeal since this Court had denied attorney's fees in that case.
We agree with the employer/carrier that the deputy commissioner erred in granting the motion to tax appellate costs filed September 28, 1987. A motion to tax costs must be served within thirty days following the issuance of the appellate court mandate to invoke the deputy's jurisdiction to tax costs pursuant to rule 9.400(a), Florida Rules of Appellate Procedure. See Jackson v. Dade County School Board, 433 So.2d 1367 (Fla. 1st DCA 1983).
We also must agree that the order awarding a fee of $16,000 is insufficient. Although the employer/carrier's argument in this regard is somewhat disingenuous in light of the deputy's unambiguous statements in the record regarding the basis for the fee, we have held that the statutory ground upon which entitlement to an attorney's fee is based must be stated by the deputy in the order and the deputy must also set forth the specific criteria considered in setting the amount of the fee when it exceeds, as herein, the statutory schedule. See W.A. Doss & Sons, Inc. v. Barbato, 487 So.2d 377 (Fla. 1st DCA 1986); Structural Forming, Inc. v. Mas, 440 So.2d 488 (Fla. 1st DCA 1983).
Turning to the cross-appeal, we agree with claimant's contention that his attorney's time, labor, and effort in pursuing the earlier, ancillary appeal may be included in the overall fee determination inasmuch as those hours of legal labor were a necessary function of the ultimate determination in which claimant finally prevailed. Compare Honeywell, Inc. v. Haley, 216 So.2d 745, 747-748 (Fla. 1968). Although the employer/carrier rely heavily on the opinion in Davis v. Raulerson & Sons, Inc., 407 So.2d 1025 (Fla. 1st DCA 1981), we consider that case to be distinguishable. In Davis, the appeal involved a *288 challenge to the deputy's determination on the merits of the claim regarding an increased compensation rate and this Court affirmed, but denied fees. Thus, the attorney's labor was finished as to that segment of his achievement of benefits for his claimant and the deputy properly refused to award the same request for those fees during a subsequent hearing following the parties' settlement of the case.
Based on the foregoing, the cause is reversed and remanded for further proceedings consistent with this opinion.
MILLS and SHIVERS, JJ., concur.