PER CURIAM.
The employer and carrier appeal from a final order awarding various compensation benefits. We affirm except with respect to the award of attorney’s fees.
According to the order, the basis of the fee award was bad faith on the part of the E/C. Although claimant had made a claim for attorney’s fees from the outset, at no time did claimant make explicit that the claim was grounded on bad faith. There was no forthright assertions of bad faith, nor any meaningful litigation on that subject at the hearing. Accordingly, the award of attorney’s fees must be reversed and the case remanded with directions to conduct a hearing on the issue of claimant’s entitlement to attorney’s fees. Haas v. Seekell, 538 So.2d 1333, 1337 (Fla. 1st DCA 1989); Closet Maid Corporation v. Wilson, 429 So.2d 419 (Fla. 1st DCA 1983). We reject the claimant’s contention that because the E/C did not seek to rectify this error prior to the orders becoming final, the issue is waived. See Village Inn Restaurant v. Aridi, 543 So.2d 778, 779 (Fla. 1st DCA 1989).
In view of our ruling on the above issue, we do not address Issue IY, which deals with the question of whether the E/C acted in bad faith. We have examined the remaining issues and find them to be without merit.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
SMITH, MINER and NIMMONS, JJ., concur.