ZEHMER, Judge.
The Leather Shop (employer) and General Accident Group (carrier) appeal an order requiring them to pay claimant’s attorney’s fee of $8,000.00 and $688.95 in costs. We reverse the order and remand for further proceedings and more specific findings.
On April 5, 1988, Robert Mills, claimant, filed a claim for benefits, stating that he was injured on January 12, 1986, when he picked up a cash register from the floor and hurt his back while working for the employer. The claim requested permanent total disability (PTD) benefits, attorney’s fees, and all future benefits not timely provided in accordance with the provisions of Chapter 440, Florida Statutes. After a hearing on the claim, the judge of compensation claims entered an order stating that “[t]he issue for my determination was stipulated by the parties to be the claimant’s entitlement to disability benefits and/or wage loss benefits,” and ruling that claimant was entitled to temporary total disability (TTD) benefits instead of PTD benefits.[1] The order reserved jurisdiction to determine taxable costs and claimant’s entitlement to and the amount of attorney’s fees due. Thereafter, a hearing was held on these issues and the judge entered the order now appealed.
The employer and carrier raise two issues on this appeal: (1) whether the judge erred in requiring the carrier to pay claimant’s attorney’s fees in the absence of a specific finding of bad faith in the order and any record evidence to support such a finding; and (2) whether the judge erred in awarding attorney’s fees based on the temporary total disability benefits awarded in the prior order when the claim and all of the litigation leading to that order addressed claimant’s entitlement to permanent total disability benefits. Claimant contends that the order should be affirmed even though it does not state the basis for the attorney’s fee award because, at the hearing, claimant’s attorney asked the judge to take judicial notice of multiple notices to controvert filed by the carrier as the basis for the carrier’s bad faith. Claimant also contends that the second issue is now res judicata and should not be entertained by this court because the employer and carrier had an opportunity to assert it in their initial appeal of the original order but chose instead to dismiss the appeal. Even if the issue is now reviewable, claimant argues, the order should still be affirmed because it is clear that claimant obtained compensation benefits as a direct result of his attorney’s efforts.
Section 440.34, Florida Statutes (1985),[2] provides in pertinent part:
(3) ... A claimant shall be responsible for the payment of his own attorney’s fees, except that a claimant shall be entitled to recover a reasonable attorney’s fee from a carrier or employer:
jjc ¡fc j}: sH % sf*
*746 (b) In cases in which the deputy commissioner issues an order finding that the carrier has acted in bad faith with regard to handling an injured worker’s claim and the injured worker has suffered economic loss. For the purpose of this paragraph, the term “bad faith” means conduct by the carrier in the handling of a claim which amounts to fraud; malice; oppression; or willful, wanton, or reckless disregard of the rights of the claimant. Any determination of bad faith shall be made by the deputy commissioner through a separate factfinding proceeding. The deputy commissioner shall issue a separate order which shall expressly state the specific findings of fact upon which the determination of bad faith is based;
(Emphasis added). This court has repeatedly held that this language in section 440.34(3)(b) requires that orders awarding attorney’s fees based on bad faith or any other statutory ground expressly state the basis for the award and include specific findings of fact upon which the determination was made. Executive Motors, Inc. v. Strack, 527 So.2d 286 (Fla. 1st DCA), rev. denied, 534 So.2d 399 (Fla.1988) (order awarding the claimant attorney’s fees reversed as facially insufficient because the order failed to state, among other things, the statutory ground upon which entitlement to the award was based, even though during the course of the hearing the deputy stated that the carrier’s action in the cause, and the basis upon which he would award fees, was bad faith); Femenella v. Schreiber Food, Inc., 519 So.2d 1001 (Fla. 1st DCA 1988) (workers’ compensation order awarding claimant attorney’s fees based on economic loss without a finding of bad faith was facially invalid tinder section 440.34(3)(b), Florida Statutes (1985); cause remanded for an explicit finding on the issue of bad faith to support the judge’s award of attorney’s fees to be paid by the carrier).
In this case, although both parties contend in their appellate briefs that the judge “apparently” or “must have” based the award of attorney’s fees on bad faith, the appealed order is silent as to the statutory basis for the judge’s ruling and, therefore, is facially insufficient. Section 440.-34(3)(b); Executive Motors, Inc. v. Strack, supra; Femenella v. Schreiber Food, Inc., supra. Claimant’s argument that he asked the court to take judicial notice of several notices to controvert filed by the employer and carrier as the basis for his bad faith allegation is not supported by the record on appeal. The portions of the record claimant cites in his answer brief to support this contention indicate only that claimant requested the judge to take judicial notice of the entire record, without mentioning the issue of bad faith or stating that any portion of the record would support an allegation of bad faith. Also, the record on appeal does not contain all of the documents which claimant apparently asked the judge to judicially notice. Therefore, we reverse the order and remand with directions to conduct a further hearing on the issue of claimant’s entitlement to attorney’s fees and enter an order specifying the particular ground and facts upon which the ruling is based. See Gates Energy Products v. Long, 580 So.2d 879 (Fla. 1st DCA 1991) (portion of workers’ compensation order awarding attorney’s fees on the basis of bad faith reversed and cause remanded with directions to conduct a hearing on the issue of claimant’s entitlement to attorney’s fees because at no time did claimant make it explicit that the claim was grounded on bad faith).
We also disapprove appellants’ contention that the judge erred in awarding attorney’s fees based on the earlier award of TTD benefits because the claim leading to that award was only for PTD benefits, not TTD benefits, and the right to PTD benefits was all that was litigated at the hearing. In the first place, any objection to the propriety of the judge having awarded TTD benefits when the hearing was supposedly limited to a claim to PTD benefits should have been raised on appeal from that prior order since that order described the compensation issue to be decided in much broader terms. The employer and carrier not having prosecuted such an appeal and obtained a reversal, they are not *747 in a position at this time to complain that the claimant’s attorney did not properly obtain TTD benefits for the claimant. See, e.g., Covert v. Hall, 467 So.2d 372 (Fla. 2d DCA 1985) (where employer failed to appeal a compensation order it lost the right to contest the underlying merits of the compensation order in a later appeal of another order of the judge of compensation claims; once the time for filing an appeal has lapsed, the compensation order becomes final).
In the second place, the cases relied on by the employer and carrier for this contention do not support their argument. In International Paper Co. v. McKinney, 384 So.2d 645 (Fla.1980), the claimant sought TTD benefits, remedial treatment, attorney’s fees, and “all other entitlements claimant may be entitled to under chapter 440, Florida Statutes.” The matter went to hearing and the judge awarded the claimant TTD benefits. An attorney’s fee of $1,200.00 was awarded for the services of the claimant’s attorney in obtaining these benefits. The employer and carrier paid the awarded TTD benefits for nearly three years, until the claimant reached maximum medical improvement, at which time the carrier voluntarily began paying PTD benefits to the claimant. The claimant’s attorney did not perform any additional services in respect to obtaining these PTD benefits, but nevertheless filed a claim for an additional attorney’s fee based on the value of the PTD benefits, and the judge awarded a fee of $13,000.00. The supreme court reversed this latter award, reasoning that all of the attorney’s services were performed in connection with the hearing resulting in the award of TTD benefits, that the prayer for “any and all entitlement” to benefits under chapter 440 related only to benefits that were incidental to the claim for TTD benefits, that the claim was not sufficiently specific to place the employer and carrier on notice that permanent compensation benefits were also being claimed, that at the time of the original hearing the claimant had not yet reached MMI so no claim for permanent benefits was ripe for litigation, and that claimant’s attorney performed no additional services after the initial hearing to obtain the permanent benefits voluntarily paid by the carrier. The court stated, “An employer’s contest of a claim at the beginning'of a case does not lock the employer into paying attorneys’ fees on all subsequent benefits paid if the employer voluntarily and timely pays the additional benefits.” Id. at 648. The essence of the court’s holding is clear, therefore, that because no issue of permanent disability benefits was litigated in the prior hearing, an award of attorney’s fees not based on services leading to the recovery of the benefits actually litigated and recovered for the claimant failed to comport with the statute authorizing the award of attorney’s fees. Thus, the employer’s and carrier’s reliance on that decision is inappropriate in a case such as this where the attorney’s fee award was based on services performed in obtaining an order awarding TTD benefits. Similarly, we find nothing inconsistent with this conclusion in Samurai of the Falls, Inc. v. Sul, 509 So.2d 359, 363 (Fla. 1st DCA), rev. denied, 518 So.2d 1274 (Fla.1987), as that decision was also based on the principle that “it must be shown that the benefits on which the fee is desired to be based resulted from the attorney’s efforts on behalf of his client and from the scope of the issues already litigated.”
The appealed order on attorney’s fees is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
SHIVERS and WEBSTER, JJ., concur.

. The employer and carrier appealed that order to this court, case number 89-1948, but voluntarily dismissed the appeal before any decision on the merits.

. The date of the accident was January 12, 1986, and the applicable version of section 440.34 is the 1985 version. The 1986 version applies to accidents that occur on or after July 1, 1986. Ch. 86-171, § 15, Laws of Florida.