ANTOON, Judge.
This is an appeal from the trial court’s order denying a claim for attorney’s fees under section 1988 of Title 42 of the United States Code. We affirm.
*875 In July 1992, Richard Adams and Balance Chow (Adams and Chow) sued Fred Dickinson, executive director of the Department of Highway Safety and Motor Vehicles, alleging that Florida’s vehicular impact fee statute[1] was unconstitutional. In their complaint, Adams and Chow sought declaratory and injunctive relief, as well as relief under section 1983 of the U.S.Code. They also requested an award of attorney’s fees under section 1988.[2]
The trial court entered summary judgment in favor of Adams and Chow and enjoined Dickinson from collecting fees under the vehicular impact fee statute. In so ruling, the trial court cited as authority both section 1983 and section 86.011, Florida Statutes (1991), our declaratory judgment statute. The trial court did not rule on Adams and Chow’s request for attorneys’ fees.
Dickinson filed a direct appeal from the order of summary judgment. Upon review, this court concluded that the issue concerning the constitutionality of Florida’s vehicular impact fee constituted an issue of great public importance, and therefore, certified the matter to the Florida supreme court.
Once at the supreme court, the case was consolidated for appeal purposes with Kuhn-lein v. Department of Revenue because both cases questioned the constitutionality of Florida’s vehicular impact fee statute. Adams and Chow filed a separate motion for attorneys’ fees with the supreme court.
In Department of Revenue v. Kuhnlein, 646 So.2d 717 (Fla.1994), cert. denied, — U.S. -, 115 S.Ct. 2608, 132 L.Ed.2d 853 (1995), our supreme court affirmed the trial court’s ruling that Florida’s vehicular impact fee statute was unconstitutional. In so ruling, the court emphasized that its decision was premised upon the conclusion that such relief was warranted under Florida’s declaratory judgment statute. Importantly, the supreme court specifically refused to address or discuss the trial court’s ruling concerning' entitlement to relief under section 1983:
Because the [impact fee] statute must be declared facially unconstitutional, we need not and will not address the other issues raised by the parties. We note the procedural issues the State has raised with respect to [Adams and Chow’s appeal]. However, even assuming that Section 1983 [of the U.S.Code] was an inappropriate means of suing in this instance, [Adams and Chow] are entitled to have their petitions treated as a request for a proper remedy. Art. V, § 2(a), Fla. Const. At a minimum, we would be required to treat all of the petitions filed below as requests for relief by way of declaratory judgment. Relief accordingly will be granted to all on that basis.
Id. at 725. The supreme court also denied Adams and Chow’s motion for attorney’s fees. Adams and Chow filed a motion for rehearing and clarification requesting that the supreme court direct the trial court to enter an award of attorneys’ fees under section 1988. The motion was summarily denied.
Thereafter, Adams and Chow persisted in their effort to obtain an award of attorney’s fees by filing a petition for a writ of certiora-ri with the United States Supreme Court. In the petition, they asserted that the denial of their motion for attorney’s fees was in conflict with other federal case law. The supreme court denied the writ. See Department of Revenue v. Kuhnlein, — U.S. at -, 115 S.Ct. at 2608.[3]
Apparently undaunted, Adams and Chow filed another motion for attorney’s fees with *876 the trial court seeking fees incurred from the date of filing the initial lawsuit through the date of the proceedings in the supreme court. They again cited section 1988 as authority for such an award. The trial court denied the motion, concluding that the doctrine of the “law of the case”[4] precluded the award of such fees:
The Supreme Court expressly denied the Plaintiffs’ request for attorney’s fees. The Plaintiffs here have been granted relief by the Florida Supreme Court under Chapter 86, Florida Statutes; the Declaratory Judgment Act. Plaintiffs were not granted any relief under 42 U.S.C. § 1983 by the Florida Supreme Court.... The totality of the circumstances by the Supreme Court, the decision not to review the § 1988 issue raised by the Defendants in their appeal; the denial of Plaintiffs’ request for clarification to allow this Court to award- attorney’s fees under § 1988, and the denial of Plaintiffs’ request for appellate attorney’s fees under § 1988 leads this Court to the conclusion that the Supreme Court did not want 42 U.S.C. § 1983 and 42 U.S.C. § 1988 as part of any ruling in this case.... This Court’s conclusion is also consistent with the theory of law know as. “law of the case.” As cited before, the concept of “law of the case” prevents a lower court from altering judgments and decisions of higher appellate courts.... Since the § 1983 issue [was] not decided, it does not become law of the case. However, the [Supreme Court’s] refusal to grant relief under that law is law of the case.... As such, this Court cannot now award attorney’s fee under 42 U.S.C. § 1988 to the Plaintiffs under any theory. A decision by this Court granting the Plaintiffs’ attorney’s fees would run directly contrary to the Supreme Court’s Opinion and Mandate.
It is from this order that Adams and Chow now appeal. We address separately the trial court’s denial of an award of fees incurred at the trial court level, and the denial of an award of fees incurred in the appellate process.
Dickinson maintains that the trial court correctly applied the law of the case doctrine to deny Adams and Chow’s motion for attorney’s fees incurred at the trial level, arguing that the supreme court specifically addressed and rejected the request for section 1988 fees by denying the initial motion for attorney’s fees, as well as the subsequent motion for rehearing. We agree. In so ruling, we reject Adams and Chow’s suggestion that the law of the case doctrine is not applicable because the supreme court was “silent on the question of fees.” The instant record demonstrates that the supreme court specifically reviewed and rejected Adams and Chow’s claim of entitlement to such fees. Accordingly, the trial court’s order denying Adams and Chow’s motion for trial level fees is affirmed. See Jacobson v. Humana Medical Plan, Inc., 636 So.2d 120 (Fla. 3d DCA 1994); Nordqvist v. Nordqvist, 586 So.2d 1282 (Fla. 3d DCA 1991).
As for Adams and Chow’s claim for appellate attorney’s fees, the trial court denied the motion reasoning that the supreme court’s previous ruling denying their claim for such fees became the “law of the case.” While we affirm the trial court’s ruling, we base our conclusion on another ground. Specifically, it is our view that the motion for appellate fees was properly denied because the trial court lacked jurisdiction to award such fees. In this regard, our courts have consistently ruled that jurisdiction to determine a litigant’s entitlement to appellate attorneys’ fees lies solely with the appellate court. LeGrand v. Dean, 598 So.2d 218 (Fla. 5th DCA 1992).
AFFIRMED.
W. SHARP and HARRIS, JJ., concur.

. § 319.231, Fla.Stat. (1991).

. Title 42 U.S.C. § 1983 establishes a cause of action for damages against state officials who have caused an individual to suffer constitutional deprivation. Section 1988 of the Code provides that, in any action to enforce a provision of section 1983, the court may allow the prevailing party a reasonable attorney’s fee.

. Before denying certiorari review in this case, the Supreme Court issued an opinion in National Private Truck Council, Inc. v. Oklahoma Tax Commission, et al., - U.S. -, 115 S.Ct. 2351, 132 L.Ed.2d 509 (1995), holding that, in an action challenging taxes imposed on motor carriers who were not residents of Oklahoma, the Oklahoma state court could not award either declaratory or injunctive relief under section 1983 of the U.S.Code because there was an adequate legal remedy, and that no attorney’s fees could be awarded under section 1988 of the U.S.Code because no relief could be awarded pursuant to section 1983.

. The doctrine of "law of the case" establishes that, whenever issues are established between the same parties in the same case, that resolution continues to be the law of the case so long as the facts in which the decision was predicated continues to be the facts of the case. These rulings become the "law of the case" and must be adhered to throughout the proceeding in both the lower court and appellate court. See Estate of Paulk v. Lindamood, 529 So.2d 1150 (Fla. 1st DCA 1988).