PER CURIAM.
The appellant, Robert D.W. Landon, II, as personal representative of the estate of Jerome P. Dunlevy, appeals the final judgment entered in an action filed by the appellee, *756 Lloyd I. Isler, against the estate. We affirm in part and reverse in part.
Isler is a New York attorney who represented the decedent, Dunlevy, in an action against a third party. A judgment was obtained and arrangements were made to conduct collection proceedings in France where assets of the judgment debtor were located. Pursuant to the terms of a retainer agreement, Isler was to receive a contingent fee from the proceeds of the collection proceeding, which was still ongoing at the time Dunlevy died. Isler asserted a claim against Dunlevy’s estate based on the retainer agreement. The personal representative filed an objection to the claim, as a result of which Isler filed the independent action which is the subject of this appeal.
In a two count complaint, Isler sought declaratory relief to establish the validity of his claim against the estate (count I) as well as damages, pursuant to section 733.609, Florida Statutes (1993), for breach of fiduciary duty by the personal representative (count II). After a non-jury trial, the trial court entered final judgment in favor of Isler on both counts. We affirm the trial court’s rulings as to count I upholding the validity of Isler’s contingency fee claim based on the retainer agreement. However, with respect to the rulings directed to count II of the complaint, we reverse.
On count II, the trial court ruled that the personal representative “breached his duty, as a fiduciary, to [Isler] and failed to act in good faith in failing to acknowledge [Isler’s] claim and to provide [Isler] with prompt notice under § 733.212(4)(a), Florida Statute.”[1] On the record before us, we hold that neither of these acts gives rise to a claim for damages under section 733.609, Florida Statutes (1993), which provides:
If the exercise of power concerning the estate is improper or in bad faith, the personal representative is liable to interested persons for damage or loss resulting from a breach of his fiduciary duty to the same extent as a trustee of an express trust. In all actions challenging the proper exercise of a personal representative’s powers, the court shall award taxable costs as in chancery actions, including attorney’s fees.
First, we hold that a personal representative does not breach his fiduciary duty by opposing a claim that later proves to be valid. In fact, where there is some basis for an objection, as there was in this case, a failure to object could give rise to a breach of fiduciary duty claim by the beneficiaries.
Second, as to the trial court’s finding regarding the failure to provide prompt notice under § 733.212(4)(a), the personal representative testified that he did not serve Isler with a notice of administration because he was concerned that Isler was not an ascertainable creditor. The personal representative explained that his concern was based upon Isler’s apparent lack of active involvement in the collection proceeding at the time the decedent died. However, once the personal representative decided that Isler should be considered a “reasonably ascertainable creditor,” Isler was provided notice and an extension of time within which to file a claim. Isler filed his claim and the personal representative then filed his objection which triggered the action we now review. Like the trial court, we find it difficult to understand why the personal representative initially thought it necessary to investigate the claim instead of just sending a notice of administration to Isler. Nevertheless, given the fact that Isler was subsequently provided notice and an opportunity to file his claim, we cannot construe the initial failure to serve a notice of administration on Isler as a breach of fiduciary duty. Because we reverse the trial court’s ruling that the personal representative breached his fiduciary duty, we also reverse the remaining provisions of the final judgment pertaining to damages and attor *757 ney’s fees with respect to count II.[2]
Affirmed in part and reversed in part.
SCHOONOVER, A.C.J., and FULMER and WHATLEY, JJ., concur.

. Section 733.212(4)(a), provides, in pertinent part:
The personal representative shall promptly make a diligent search to determine the names and addresses of creditors of the decedent who are reasonably ascertainable and shall serve on those creditors a copy of the notice [of admin *757 istration] within 3 months after the first publication of the notice.

. At the conclusion of the trial, during a discussion with counsel, the trial court stated that a separate hearing on the issue of damages would need to be held but cautioned that the damages would be minimal because they would only include "any additional work caused to Isler in way of attorney’s fees and costs between that May date when the estate was put on notice that he was a claimant and when they actually sent out the notice to him.” We question whether such legal fees and costs associated with asserting a claim against an estate are items of "damage or loss” as those terms are used in section 733.609. However, given our reversal of the trial court’s ruling that the personal representative breached his fiduciary duty, we need not address this question.