734 So.2d 477 (1999)
Dorothy H. MULATO, Appellant/Cross-Appellee,
v.
Edward MULATO, Appellee/Cross-Appellant.
No. 98-3114.
District Court of Appeal of Florida, Fourth District.
May 12, 1999.
John H. Pelzer and Daniella Friedman of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale for appellant/cross-appellee.
Anthony J. Titone of Law Office of Anthony J. Titone, P.V., Fort Lauderdale, for appellee/cross-appellant.
*478 WARNER, J.
Pursuant to Florida Rule of Appellate Procedure 9.130(a)(4), this case was brought as an appeal of three orders of the trial court entered after the issuance of our mandate on the appeal from the original final judgment. See Mulato v. Mulato, 705 So.2d 57 (Fla. 4th DCA 1997), rev. denied, 717 So.2d 535 (Fla.1998). Appellant challenges the trial court's denial of her motion to tax appellate costs[1] and the trial court's refusal to vacate the cost judgment in favor of appellee entered after the original final judgment, which has now been reversed. Appellee has cross-appealed the trial court's denial of his motion for trial attorney's fees in connection with the original final judgment. We affirm the denial of appellate costs because the motion to tax costs in the trial court was not filed within thirty days of issuance of the mandate as required by the Rule 9.400(a). We reverse the order denying the motion to vacate, as the trial court did not determine who was the ultimate prevailing party. We affirm the denial of attorney's fees.
As to the motion for appellate costs, Rule 9.400(a) requires that the motion be filed within 30 days after issuance of the mandate. Appellant admits that she failed to file the motion for costs within that time limitation but claims that appellee waived compliance. Although the trial court has jurisdiction to conduct further trial court proceedings, the assessment of appellate costs is actually part of the appellate function. The fact-finding portion of that function is delegated to the trial court under Rule 9.400(a). Just as filing an appeal within thirty days of entry of a final order is necessary to invoke the jurisdiction of the appellate court, the filing of a motion for appellate costs within the time required by the rule is mandatory to invoke the trial court's jurisdiction to determine appellate fees and costs. See Abraham v. S.N.W. Corp., 549 So.2d 776, 777 (Fla. 4th DCA 1989); Executive Motors, Inc. v. Strack, 527 So.2d 286, 287 (Fla. 1st DCA 1988); Thornburg v. Pursell, 476 So.2d 323, 324 (Fla. 2d DCA 1985). Because the subject time requirements are jurisdictional, they cannot be corrected, nor can compliance with them be waived. Cf. Hawks v. Walker, 409 So.2d 524, 525 (Fla. 5th DCA 1982). We thus affirm the order denying the appellate costs because the trial court had no jurisdiction to award them.
Appellant also filed a motion to vacate the previously entered cost judgment in favor of appellee on the ground that after the appeal, she was now the prevailing party. At the hearing on the motion to vacate, the trial court denied the relief, explaining that because appellee was successful in some of the claims he brought against appellant, even after the appeal, the cost award should not be vacated. This was error. First, where the judgment on which a cost judgment is predicated is reversed, the original cost judgment also cannot stand. See Thornburg, 476 So.2d at 324. Second, the trial court must re-assess who the prevailing party is on the significant issues in litigation. In Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807, 810 (Fla.1992), the supreme court held that the test for determining the prevailing party is whether the party prevailed on the significant issues of the litigation. See also Prosperi v. Code, Inc., 626 So.2d 1360, 1363 (Fla.1993). In the instant case, the trial court only determined that appellee prevailed on some issues. It did not determine a prevailing party in line with the direction of Moritz. We therefore remand to the trial court to *479 determine which party, if any, is the prevailing party and to assess the costs of the trial litigation accordingly.
As to the cross-appeal, we affirm because appellee has waived the claim to trial fees that he raises in this appeal. In the original final judgment the court denied appellee's prayer for attorney's fees. Appellee cross-appealed that denial to this court, arguing he was entitled to attorney's fees on his civil theft claim. We affirmed. See Mulato, 705 So.2d at 62. Some six months after the completion of the appeal, appellee again moved for fees in connection with another count of the complaint on which he prevailed, even though he had made no argument in the prior appeal that he was entitled to fees on this count. This claim is barred by the doctrine of law of the case. See Brunner Enters., Inc. v. Department of Revenue, 452 So.2d 550, 552 (Fla.1984); Adams v. Dickinson, 672 So.2d 874, 876 (Fla. 5th DCA 1996). Clearly, appellee litigated the issue of fees in the prior appeal. He could have and should have brought this claim at that time. He does not get a second bite at the apple.
Affirmed in part; reversed in part; and remanded for proceedings consistent with this opinion.
POLEN and FARMER, JJ., concur.
NOTES
[1] Review of an order on appellate costs is by motion under Florida Rule of Appellate Procedure 9.400(c). However, had this been a timely filed motion we could have entertained this as a non-final appeal because it was combined with other points on appeal other than those concerning appellate costs or attorney's fees. See Starcher v. Starcher, 430 So.2d 991, 993 (Fla. 4th DCA 1983). This is a very limited exception to the method of review required under Rule 9.400(c). See id.