PER CURIAM.
This is a motion to review a post-appeal cost judgment awarding the appellees their costs by virtue of their being the prevailing parties in Raimi v. Furlong, 702 So.2d 1273 (Fla. 3d DCA 1997), review denied, 717 So.2d 531 (Fla.1998)(“Raimi I ”), against the appellant, Estelle G. Furlong, individually. Upon remand, the ap-pellees were awarded their appellate costs pursuant to Rule 9.400(a), Florida Rules of Appellate Procedure.[1] See American Med. Int’l, Inc. v. Scheller, 484 So.2d 593, 594 (Fla. 4th DCA 1985); Jackson v. Dade County Sch. Bd, 433 So.2d 1367, 1368 (Fla. 1st DCA 1983). Despite the provisions of Rule 9.400(a), however, Furlong maintains that she is shielded from personal liability for the appellees’ costs by virtue of section 733.106(2), Florida Statutes (1997). We disagree.
The underlying facts of this will contest litigation have been adequately set forth in detail in Raimi I and need not be recounted. It is sufficient for our purpose here only to note that this litigation began as a result of Furlong’s attempt to have the decedent’s last known will declared invalid and to have one of the decedent’s earlier wills admitted to probate, which was more beneficial to her and of which she was the named personal representative. See Raimi I, 702 So.2d at 1276. Section 733.106(2) provides that:
A person nominated as personal representative of the last known will, or any proponent of the will if the person so nominated does not act within a reasonable time, if in good faith justified in offering the will in due form for probate, shall receive his or her costs and attorney fees out of the estate even though he or she is unsuccessful
Id (emphasis added). This statute, which must be strictly construed, see Dayton v. Conger, 448 So.2d 609, 611 (Fla. 3d DCA 1984), provides no relief to Furlong as she was neither the personal representative or proponent of the decedent’s last known will nor did she seek to have the decedent’s last known will admitted to probate. Id. The fact that Furlong initially prevailed at the trial level in having the decedent’s last known will declared invalid still does not alter the fact that she was not the personal representative or proponent of the decedent’s last known will. Had the Florida legislature intended section 733.106(2) to be applicable only to a decedent’s last known valid will, it could have so easily stated. In Raimi I, we reversed the final judgment of the trial court and found the decedent’s last known will to be valid and ordered it to probate. Appel-lees, Manuel Raimi and Suntrust fik/a Sun-bank Miami, N.A. were the personal representatives of this will. If anything then, section 733.106(2) actually supports the lower court’s award of costs to these appel-lees.
Furlong nevertheless cites to Landon v. Isler, 681 So.2d 755 (Fla. 2d DCA 1996), in support of her argument that section 733.06(2) shields a personal representative from personal liability for costs, except in cases of improper or bad faith conduct. Even assuming arguendo that Furlong had been the personal representative of the decedent’s last known will, her reliance upon Landon is misplaced. The Landon court construed section 733.609, Florida Statutes (1993)[2], not section 733.106(2), *585 and held merely that a personal representative does not breach his or her fiduciary duty (and hence subject the personal representative to damages) by opposing a debatable claim that later proves to be valid. Id.
Finally, we note that section 733.106(1), Florida Statutes (1997), specifically provides that “[i]n all probate proceedings costs may be awarded as in chancery actions.” This rule has been' construed as providing the probate court with broad discretion to award and apportion costs as it deems appropriate. See Dayton, 448 So.2d at 612. In this case, we cannot find the trial court’s decision to assess appellate costs against Furlong individually to be an abuse of discretion.
For these reasons, we deny Furlong’s motion to review the costs judgment pursuant to Florida Rules of Appellate Procedure 9.400(c) and affirm the judgment under review.
Affirmed.

. The rule provides that "Costs shall be taxed in favor of the prevailing party unless the court orders otherwise.” Fla. R.App. P. 9.400(a).

. Thai statute provides:
If the exercise of power concerning the estate is improper or in bad faith, the personal representative is liable to interested persons for damage or loss resulting from a breach of his fiduciary duty to the same extent as a trustee of an express trust. In *585 all actions challenging the proper exercise of a personal representative’s powers, the court shall award taxable costs as in chancery actions, including attorney's fees.