ON APPELLANT’S MOTION FOB REVIEW OF ORDER TAXING APPELLATE ATTORNEY’S FEES

GROSS, J.
Pursuant to Florida Rule of Appellate Procedure 9.400(c), Computer Task Group, Inc. (“CTG”) moves for review of an order taxing appellate attorney’s fees. We affirm the award and write to address one issue raised by CTG.
On April 4, 2001, this court affirmed a final judgment confirming an arbitration award. See Computer Task Group, Inc. v. Palm Beach County, 782 So.2d 942 (Fla. 4th DCA 2001). On the same day, we granted Palm Beach County’s motion for appellate attorney’s fees and directed the trial court to determine the amount of fees upon remand, pursuant to Florida Rule of Appellate Procedure 9.400(b).
On June 26, 2001, the county filed its motion to tax appellate attorney’s fees with the circuit court. On October 22, 2001, the trial court entered a final judgment of attorney’s fees in the amount of $86,375, including interest and expert fees.
We write to address CTG’s argument that the trial court lacked jurisdiction to tax appellate attorney’s fees because the county did not file its motion until June 26, 2001, thirty-eight days after the issuance of the mandate. CTG contends that such a filing was outside the thirty day time limit of Florida Rule of Appellate Procedure 9.400(a).
Rule 9.400(a) sets forth the rule for a prevailing party to recover appellate costs. The rule indicates such costs “shall be taxed by the lower tribunal on motion served within 30 days after issuance of the mandate.” Fla. R.App. P. 9.400(a).
The appellate rules treat appellate attorney’s fees separately from the issue of appellate costs. Rule 9.400(b) controls attorney’s fees. It states that the motion shall be served no later than the time for service of the reply brief. The motion is one directed to the appellate court. See Gieseke v. Gieseke, 499 So.2d 839, 839 (Fla. 4th DCA 1986) (indicating that the propriety of an award of appellate attorney’s fees is a prerogative of the appellate court). The rule provides that the appellate court may remand the case to the lower tribunal to assess the actual amount of attorney’s fees. Without a remand from this court, the trial court lacks authority to award appellate attorney’s fees. See Foley v. Fleet, 652 So.2d 962, 963 (Fla. 4th DCA 1995).
Unlike a motion for costs under rule 9.400(a), rule 9.400(b) contains no express *12 time limit after the issuance of the mandate within which a party must move the trial court to assess appellate attorney’s fees.
CTG relies upon a portion of our decision in Mulato v. Mulato, 734 So.2d 477, 478 (Fla. 4th DCA 1999), which states:
Just as filing an appeal within thirty days of entry of a final order is necessary to invoke the jurisdiction of the appellate court, the filing of a motion for appellate costs within the time required by the rule is mandatory to invoke the trial court’s jurisdiction to determine appellate fees and costs.
(Italics supplied). CTG suggests that the quoted language from Mulato indicates that a motion to tax appellate attorney’s fees must be filed within the thirty day window established by rule 9.400(a). However, our use of the term “appellate fees” in Mulato was a reference not to attorney’s fees, but to rule 9.400(a)(1), which indicates that taxable costs shall include “fees for filing and service of process.” Mulato did not inject the rule 9.400(a) time limit into rule 9.400(b).
The order awarding attorney’s fees is affirmed.
WARNER and HAZOURI, JJ., concur.