CASANUEVA, Judge.
Richard MacDonald, as personal representative of the estate of Peter Wejanow-ski, appeals an order of the probate court that effectively denies him an opportunity *191 to pursue this or three other appeals stemming from the events surrounding the deaths of Mr. Wejanowski and Karen Stacy. The three other pending appeals, 2D04-1493, 2D04-2113, and 2D04-2374, have been abated to await the outcome of this appeal. We reverse.
Mr. Wejanowski and Ms. Stacy lived together unmarried for almost twenty years before their relationship began to deteriorate several months before their deaths. Mr. Wejanowski’s health was rapidly declining because he was suffering from end-stage cancer of the throat, Ms. Stacy was romantically involved with another man while living with Mr. Wejanow-ski, and acrimony permeated their relationship. On the day of his death, Mr. Wejanowski called his Mend Mr. MacDonald and requested that he visit him, which Mr. MacDonald did, accompanied by his girlfriend. After a short visit, Mr. Wejanowski excused himself and retired to another room. The couple then heard a gunshot. Responding to the sound, they discovered Mr. Wejanowski, who had committed suicide, lying next to the body of Ms. Stacy. She had been fatally shot four times and had sustained several superficial stab wounds.
Donna Mauriello, as personal representative of Ms. Stacy’s estate, filed a wrongful death suit against Mr. Wejanowski’s estate. Mr. MacDonald, as personal representative of the Wejanowski estate, hired one lawyer to handle probate matters and another to handle the civil litigation. Ms. Mauriello ultimately prevailed in the wrongful death suit, and Mr. MacDonald filed the first of his now-abated appeals, challenging that judgment for damages.[1] Ms. Mauriello claimed that the appeal was frivolous and that he was wasting estate assets and reducing the estate’s ability to pay her judgment. In response to her claims, Mr. MacDonald filed a motion in the trial court to approve costs and fees associated with appeal. The trial court denied his motion without prejudice to resubmit the request at the conclusion of the appeal upon a showing of monetary benefit to the estate and ordered him not to expend estate funds for prosecution of the appeal, to include attorney’s fees and costs. It is this order that we reverse.
Requiring Mr. MacDonald to show a monetary benefit to the estate before he is entitled to reimbursement for appellate expenses narrows the definition of “benefit to the estate” to an unworkable level in this appellate context. An appellate attorney has an ethical duty not to prosecute a baseless or frivolous appeal. Payment of appellate fees and costs cannot be contingent upon prevailing on appeal because neither party can guarantee the outcome. The true benefit to an estate provided by an appellate attorney is the presentation of a good-faith appeal and its ultimate resolution. Our system affords litigants the right to resolve disputes with due process, safeguarded by appellate review of the trial court’s decisions. Cf. Brake v. Murphy, 693 So.2d 663 (Fla. 3d DCA 1997) (reversing an order that required the personal representative and her husband to post a bond in order to file further pleadings in a surcharge proceeding because the order violated the access to the courts provision and due process clause of the state constitution).
Because section 733.602(2), Florida Statutes (2002), removes liability for any act of administration if the act was authorized at the time, personal representatives often *192 attempt to protect themselves from future liability by obtaining pre-approval, i.e., immunity, from the probate court for actions they undertake which do not need court approval. Section 733.602 provides that the personal representative “shall proceed expeditiously with the settlement and distribution of a decedent’s estate and, except as otherwise specified by this code or ordered by the court, shall do so without adjudication, order, or direction of the court.” Among the transactions authorized for the personal representative are hiring attorneys and others to aid him in his duties and prosecuting or defending claims or proceedings in any jurisdiction for the protection of the estate and of the personal representative. § 733.612(19), (20). As a fiduciary, see section 733.602(1), if the personal representative breaches his fiduciary duty, he may be liable to the interested persons for damage or loss resulting from that breach. See § 733.609; see also Landon v. Isler, 681 So.2d 755 (Fla. 2d DCA 1996) (holding that a personal representative does not breach his or her fiduciary duty, and thus become personally subject to damages, by opposing a debatable claim that later proves valid). When asked by Mr. MacDonald in this case for pre-approval to expend estate monies to prosecute these appeals, the trial court was understandably cautious given the circumstances surrounding the couple’s deaths and Ms. Mauriello’s objections. It would have been a better course of action to neither give nor withhold permission to expend estate monies for these appeals, rather than to give it with conditions that unduly hampered the personal representative in the exercise of his authority. If prosecuting these appeals is later determined to have been frivolous, the personal representative, as any other fiduciary, can be held accountable.
We reverse the order of the trial court that precluded Mr. MacDonald from expending estate monies to prosecute the pending appeals. Should the trial court determine, upon proper motion and after full review of the completed appellate proceedings, that the appeals were not taken in good faith or were frivolous, it has other remedies available to it. See § 733.609.
Reversed.
SALCINES, J„ Concurs.
VILLANTI, J., Concurs specially.

. The two other abated appeals challenge an order of disbursement from the estate and an order denying attorney's fees.